UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DONNA KASSMAN, individually and on behalf of a class of similarly-situated female employees,** )<br>)<br>)<br>)<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>**KPMG LLP,** )<br>)<br>**Defendant.** )<br>)<br>) | Civ. No. 11-cv-03743-RJH |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiff and Class Representative Donna Kassman ("Plaintiff Kassman"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15, to file a Second Amended Complaint against Defendant KPMG ("Defendant" or "KPMG"). The grounds for Plaintiff's Motion are set forth below.

**I.     OVERVIEW OF COMPLAINTS**

Plaintiff Kassman filed her original Complaint in this matter on June 2, 2011, and then filed a First Amended Complaint ("FAC") as of right on June 6, 2011. Defendant executed a Waiver of the Service of Summons on September 26, 2011, which has been filed with the Court along with this Motion. Plaintiff Kassman now moves for leave to file her Second Amended Complaint ("SAC").

The original Complaint, in which Plaintiff Kassman was the sole Class Representative, contained the following ten counts: (I) gender discrimination in violation of Title VII of the Civil

1

Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq.; (II) denial of equal pay for equal work in violation of the Equal Pay Act, 29 U.S.C. §§ 206, et seq.; (III) gender discrimination in violation of N.Y. Exec. Law § 296, subd. 1(a); (IV) gender discrimination in violation of N.Y.C. Admin. Code § 8-107, subd. 1(a); (V) denial of equal pay for equal work in violation of N.Y. Labor Law § 194; (VI) retaliation in violation of Title VII, 42 U.S.C. § 2000e-3; (VII) retaliation in violation of the Equal Pay Act, 29 U.S.C. § 215(a)(3); (VIII) retaliation in violation of N.Y. Exec. Law § 296; (IX) retaliation in violation of N.Y.C. Admin. Code § 8-107, subd. 7; (X) retaliation in violation of N.Y. Labor Law § 215.  The FAC simply expanded the scope of the class to include all of KPMG's female Professionals, specifically extending the class to female Associates and Senior Associates.  See FAC at 1.  The amount of damages sought was adjusted accordingly.  FAC Prayer for Relief G.

The SAC adds four new Named Plaintiffs to this class action:  Linda O'Donnell, Sparkle Patterson, Jeanette Potter, and Ashwini Vasudeva ("Proposed Class Representatives").  The SAC rearticulates the previously-alleged gender discrimination claims into separate counts for pay, promotion and pregnancy discrimination:  Counts I-III (pay, promotion, and pregnancy/caregiver discrimination in violation of 42 U.S.C. §§ 2000e, et seq.), V-VII (pay, promotion and pregnancy/caregiver discrimination in violation of N.Y. Exec. Law § 296, subd. 1(a)), and VIII-X (pay, promotion and pregnancy/caregiver discrimination in violation of N.Y.C. Admin. Code § 8-107, subd. 1(a)) in the SAC *directly correspond* to Counts I (gender discrimination in violation of 42 U.S.C. §§ 2000e et seq.), III (gender discrimination in violation of N.Y. Exec. Law § 296, subd. 1(a)), and IV (gender discrimination in violation of N.Y.C. Admin. Code § 8-107, subd. 1(a)), respectively, in the FAC. Finally, the SAC includes three new counts: (1) Count XVII (violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.); (2) Count

XVIII (unlawful retaliation under the FMLA); and (3) Count XIX (race discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C § 1981).

## II.     ARGUMENT

### A.     Leave to Amend Is Freely Granted.

Federal Rule of Civil Procedure 15(a) states in relevant part: "A party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has admonished that "this mandate is to be heeded," and that "outright refusal to grant… leave without any justifying reason… is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962) (granting leave to amend). Consistent with the Federal Rules and Supreme Court precedent, this Court has repeatedly held that "'[i]n the absence of any apparent or declared reason . . . the leave sought should, as the rules require, be 'freely given.'" Asset Mgmt. Assocs. of N.Y., Inc. v. Emerson Telcom. Prods., 395 F. App'x 752, 753 (2d Cir. 2010) (quoting Jin v. Metro. Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (citing Foman, 371 U.S. at 182)) (remanding case to district court either to justify its decision to deny leave to amend or to grant leave); see also Safety Mgmt. Sys. v. Safety Software Ltd., No. 10 Civ. 1593, 2011 U.S. Dist. LEXIS 14569 (S.D.N.Y. Feb. 14, 2011) (citing Foman and rejecting argument that amendment of counterclaims would be futile, instead granting leave to amend counterclaim) (Holwell, J.); Jones v. New York City Human Resources Admin., 539 F. Supp. 795, 800-01 (S.D.N.Y. 1982) (allowing plaintiff to add a claim even after final judgment had been entered).

### B. The Proposed Amendments Are Not Futile, Would Not Prejudice Defendant, and Are Not the Result of Undue Delay.

When a party seeks leave to amend, leave should, as the Federal Rules of Civil Procedure require, be given

> "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . ."

Foman, 371 U.S. at 182.  Plaintiff easily meets this lenient standard.

Defendant will not be prejudiced in any way should this Court grant Plaintiff's motion for leave to amend.  Particularly at this early stage in the litigation, before KPMG has even responded to the FAC (and well before its deadline for doing so), it is inconceivable that the amendments would prejudice Defendant.  Discovery has not yet commenced.  There are no surprises here: the facts set forth in the original Complaint and FAC all relate to and support the new causes of action in Plaintiff's proposed SAC and are grounded in many of the same facts already alleged.  Accordingly, Defendant is already on notice regarding the claims in the SAC.  In fact, litigation will be made easier for Defendant by joining Proposed Class Representatives because Proposed Class Representatives' claims would otherwise have to be litigated in a completely separate case; the proposed joinder would allow all of these related claims to be resolved with one litigation.

There has also been no undue delay on the part of Plaintiff.   This motion is being filed less than four months after Plaintiff's filing of the original Complaint and before discovery has commenced.  Even if there had been delay of any kind, delay alone does not justify denial of leave to amend.  Asoma Corp. v. SK Shipping Co., 53 F. App'x 581, 583 (2d Cir. 2002) (reversing the District Court's denial of plaintiff's request for leave to amend a complaint, even

though that request was made in plaintiff's opposition to summary judgment). Nor has Plaintiff demonstrated bad faith or dilatory motive. Indeed, Plaintiff simply wishes to join additional Plaintiffs and allege counts that arise out of the very same facts already alleged.

Finally, the proposed amendments are not futile. Each of the additional counts contained in the SAC are based on established facts that will be fleshed out and confirmed in the course of discovery, and which are fully in line with the counts alleged by Plaintiff less than four months ago. Moreover, arguments directed to the merits of the Proposed Class Representatives' claims should not be considered until *after* the pleading is filed. In particular, any arguments concerning futility are more appropriately addressed in the context of a motion to dismiss – not a motion to amend. In re Ambac Fin. Grp., Inc., No. 08 Civ. 854 (SHS), 2008 U.S. Dist. LEXIS 101765, at *5 (S.D.N.Y Dec. 11, 2008) (granting motion to amend, and declining to consider futility issue until filing of motion to dismiss).

    **C. The Addition of Proposed Class Representatives Easily Satisfies the Requirements of Rule 20(a).**

Federal Rule of Civil Procedure 20(a) states, in relevant part:

"Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

Fed. R. Civ. P. 20.

It is well established in this Circuit that "the requirements of Rule 20(a) should be interpreted liberally in order 'to enable the court to promote judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding.'" Am. Home Assur. Co. v. Merck & Co., No. 03 Civ. 3850, 2004 U.S. Dist. LEXIS 19135, at *5-6 (S.D.N.Y. Sept. 24, 2004) (citing A.I.A. Holdings, S.A. v. Lehman Bros., Inc., No. 97 Civ. 4978, 1998 U.S. Dist. LEXIS 4175 (S.D.N.Y. Apr. 1, 1998) and Abner Realty, Inc v.

Adm'r of Gen. Servs. Admin., No. 97 Civ. 3075, 1998 U.S. Dist. LEXIS 11042 (S.D.N.Y. Jul. 22, 1998)). Further, "joinder of appropriate parties is encouraged so that common issues may be addressed in a single action." Roe v. City of N.Y., 151 F. Supp. 2d 495, 509 (S.D.N.Y. 2001) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966) and granting plaintiff's request for leave to amend a complaint to add plaintiffs). This Court applies Rule 20 liberally and has established that it "requires only that there be at least one common question of law or fact." Cline v. 1-888-Plumbing Grp., Inc., No. 99 Civ. 1401, 2000 U.S. Dist. LEXIS 4038, at *4 (S.D.N.Y. Mar. 30, 2000) (citing United States v. Tri-State Design Constr. Co., 899 F. Supp. 916, 918-19 (N.D.N.Y. 1995)). See also Auquilla v. GG&A Broadway Partners, LLC, 10-CV-1059 (SLT) (JO), 2011 U.S. Dist. LEXIS 55181, at *4 (E.D.N.Y. April 25, 2011) (noting liberal nature of "same transactions or occurrences" test applicable to joinder of a new party under Rule 20).

 Here, the Proposed Class Representatives' claims arise out of the very same activity and sequence of events upon which the original Plaintiff's claims are based: KPMG's systemic pay, promotion and pregnancy discrimination. The claims of the Proposed Class Representatives involve not just one but multiple common questions of law and fact. See SAC ¶¶ 305-311. Moreover, judicial economy weighs strongly in favor of joinder; if Plaintiff's request to join these parties is denied, Proposed Class Representatives would be forced to pursue a separate suit against the very same Defendant. To avoid having the same parties engage in duplicative litigation, this Court should allow the addition of the four Proposed Class Representatives to this action.

### III.  CONCLUSION

Because Plaintiff easily meets Rule 15's lenient standard for amending pleadings, this Court should grant Plaintiffs' Motion for Leave to File Second Amended Complaint.

Respectfully submitted September 29, 2011.

          _____s/_____
Jeremy Heisler (JH-0145)
Steven L. Wittels (SLW-8110)
Siham Nurhussein (SN-9379)
Deepika Bains (DB-4935)
**SANFORD WITTELS & HEISLER, LLP**
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 723-2947
Facsimile:  (646) 723-2948
swittels@swhlegal.com

David W. Sanford (D.C. Bar No. 457933)
Katherine M. Kimpel (D.C. Bar No. 493028)
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 300
Washington, DC 20009
Telephone: (202) 742-7777
Facsimile:  (202) 742-7776
dsanford@swhlegal.com

Janette Wipper (CA Bar No. 275264)
**SANFORD WITTELS & HEISLER, LLP**
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
Telephone: (415) 391-6900
Facsimile:  (415) 391-6901
jwipper@swhlegal.com

*Counsel for Plaintiff Donna Kassman and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served September 29, 2011 upon the following counsel of record by U.S. Mail and by operation of the Court's electronic filing system:

>Peter O. Hughes, Esq.
>**OGLETREE, DEAKINS, NASH,**
>**SMOAK & STEWART, P.C.**
>10 Madison Avenue, Suite 400
>Morristown, NJ 07960
>(973) 656-1600
>
>*Counsel for Defendant*

                                                   _____s/_____
                                                      Siham Nurhussein