USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:__05/01/2013__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

DONNA KASSMAN, LINDA O'DONNELL, :
SPARKLE PATTERSON, JEANETTE POTTER : **ECF CASE**
AND ASHWINI VASUDEVA, INDIVIDUALLY :
AND ON BEHALF OF A CLASS OF : 11-CV-03743 (LGS)
SIMILARLY-SITUATED FEMALE EMPLOYEES :
:
Plaintiffs, :
:
v. :
:
KPMG LLP, :
:
Defendant. :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  X

### ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

Named Plaintiffs Donna Kassman, Linda O'Donnell, Sparkle Patterson, Jeanette Potter and Ashwini Vasudeva ("Named Plaintiffs") and Defendant KPMG LLP ("KPMG") (collectively, "the Parties" and each a "Party"), through their attorneys of record, hereby stipulate as follows:

WHEREAS, Plaintiffs have served or will serve on KPMG requests for documents and interrogatories, certain of which request or contain information related to the provision of services to KPMG's clients and confidential financial information, including tax-related information, of KPMG's clients;

WHEREAS, KPMG has served or will serve on Plaintiffs requests for documents and interrogatories, certain of which request or contain confidential information, including medical, psychological, financial and tax information;

WHEREAS, the Parties recognize that certain documents, information or material to be produced in this lawsuit may include information that constitutes trade secrets or other

confidential research, development or commercial information, or information affecting the privacy interests of the Parties or non-parties;

WHEREAS, the Parties recognize that certain documents in Parties' or non-parties' possession may include highly sensitive and confidential information including, inter alia, highly sensitive and confidential personal information about the Named Plaintiffs, KPMG's personnel, KPMG's client's personnel, taxpayers, medical records, financial customers and hospital patients;

WHEREAS, KPMG's clients are not Parties to this case and there are State and Federal laws, as well as professional and ethical standards, that prohibit and protect the disclosure of the confidential information of KPMG's client, except, *inter alia*, pursuant to an order of a court;

WHEREAS, KPMG has objected to the disclosure of certain information but has indicated that it will produce such confidential information pursuant to an appropriate protective order that (1) protects the Plaintiffs' privacy concerns; and (2) allows KPMG to adhere to its statutory, regulatory, professional and/or contractual obligations;

WHEREAS, Plaintiffs contend that that they act as private attorneys general in the enforcement of Title VII and other federal equal employment laws, and that there is a particular public interest in and an accompanying standard presumption of access to the litigation but state that they are willing to enter into a protective order that recognizes the need for public access to the courts and documents filed therein in light of the particular public interest in the litigation;

WHEREAS, the Parties wish to regulate the exchange of such documents, information or material between each other and wish both (1) to prevent all unauthorized

disclosures of such documents, information or material; and (2) to preserve an appropriate balance of access to the litigation.

WHEREFORE, in order to expedite the production of the materials and information at issue without time-consuming and costly redactions and to eliminate the need for repeated requests that the Court become directly involved in the discovery process, the Parties, by and through their respective counsel and pursuant to Rule 5.2(e) and Rule 26 of the Federal Rules of Civil Procedure, HEREBY STIPULATE, AGREE, AND JOINTLY REQUEST, that this Protective Order should be entered to Govern the Production Or Other Discovery of Confidential Information and documents according to the following terms and provisions:

1.   <u>Definitions</u>

a.   "KPMG" or "Defendant" as used herein shall mean KPMG LLP.

b.   "Plaintiffs" or "Named Plaintiffs" as used herein shall mean Plaintiffs Donna Kassman, Linda O'Donnell, Sparkle Patterson, Jeanette Potter and Ashwini Vasudeva, as well as any other individually named plaintiff in this case or in any case that is consolidated with this matter and any other individual that opts-in to this case or any such consolidated matter.

c.   "Confidential Information" as used herein shall mean all information and/or documents in whatever form, including without limitation oral, written, electronic, or digitized, that the Disclosing Party (as defined in Paragraph 2, hereof) in good faith believes constitute or reflect non-public proprietary, trade secret, or commercially-sensitive business and/or financial information, or information affecting the privacy interests of the Parties or non-parties, including personnel records and related data.

d.   "Attorneys' Eyes Only Information" as used herein shall include all information and/or documents in whatever form, including without limitation oral, written, electronic, or digitized, that (i) the Disclosing Party in good faith believes Confidential status would not provide sufficient protection, such as, for example, documents reflecting (a) financial, personally identifying information (e.g. social security numbers) or medical information; or (b) contemplated, abandoned or pending commercial transactions of KPMG's clients; or (ii) the Court requires the information to be produced as Attorneys' Eyes Only.   Attorneys' Eyes Only Information shall be subject to all the protective terms applicable to Confidential Information as well as the more protective measures expressly set forth herein.

e.   "Confidential Tax Information" as used herein shall include "tax return information" as that term is defined in Internal Revenue Code Section 7216 and its implementing regulations or (ii) the ethical rules applicable to KPMG as a member of the AICPA.   Confidential Tax Information shall be subject to all the protective terms applicable to Confidential Information as well as the more protective measures expressly set forth herein.   The Disclosing Party may, but is not required to, redact the Confidential Tax Information prior to producing the information.   Prior to redacting any Confidential Tax Information, the Disclosing Party agrees to so inform the Requesting Party and the Parties agree to meet and confer in good faith concerning such redactions.

f.   "Confidential Client Information" as used herein shall include all information and/or documents in whatever form, including without limitation oral, written, electronic, or digitized, which a Party believes in good faith contains or comprises any client information that is confidential pursuant to the definition of

Confidential Information in 1(c) above.  It is also defined to include documents deemed confidential pursuant to individual state and federal laws and under applicable professional and ethical rules and standards, including but not limited to any document in which the identifying information of a client appears. Confidential Client Information shall be subject to all the protective terms applicable to Confidential Information as well as the more protective measures expressly set forth herein.  The Disclosing Party may, but is not required to, redact the Confidential Client Information that identifies the client prior to producing the information.   Prior to redacting any Confidential Client Information, the Disclosing Party agrees to so inform the Requesting Party and the Parties agree to meet and confer in good faith concerning such redactions.

2.    All efforts by any Party or non-party in this matter to designate any information and/or documents as Confidential Information, Attorneys' Eyes Only Information, Confidential Tax Information or Confidential Client Information ("hereinafter referred collectively to as "Confidentially Designated Information") shall be governed by the terms of this Order.  The Party or non-party who makes any disclosure is the "Disclosing Party" and the Party to whom any disclosure is made is the "Receiving Party."   By receiving Confidentially Designated Information, the Receiving Party agrees to handle any such Confidentially Designated Information consistent with this agreement and will ensure that all reasonable efforts are made to prevent any unauthorized use, disclosure, publication, or dissemination of such Confidentially Designated Information.

3.    A Disclosing Party shall designate Confidentially Designated Information as follows:

a.    A Disclosing Party shall designate documents (including without limitation documents produced in response to requests for the production of documents, interrogatory answers, and responses to requests for admission) and the information contained therein by placing a legend describing the confidentiality of the document in the legend ("Confidential Information," "Attorneys' Eyes Only Information," "Confidential Tax    Information," or "Confidential Client Information" or other descriptive terms) on any such document prior to production.  Should any Party, counsel of record for any Party, or any person or entity not a Party to this action, who obtains access to all or any document, material, and/or information that is designated as Confidentially Designated Information under this Order make extracts, compilations, abstracts, recapitulations, or compendiums of or from such Confidentially Designated Information, or any portion thereof, the same confidentiality designation that appears on the document shall also be stamped on or affixed to the first page of such extracts, compilations, abstracts, recapitulations, or compendiums, and this Order shall be deemed to apply to such extracts, compilations, abstracts, recapitulations, or compendiums.

b.    In the case of depositions or other pretrial testimony, the following procedures shall be followed:

i. The Party who notices any deposition shall provide a copy of this Order to both the officer reporting the deposition and (if applicable) the videographer.  Such officer and videographer shall acknowledge receipt of a copy of this Order by executing an acknowledgment in the form attached hereto as Exhibit A ("Acknowledgment").  Such Acknowledgment shall thereafter be in effect for any

subsequent depositions involving such officer and/or videographer.  Failure of the officer and/or videographer to execute the attached Acknowledgment shall not affect the Parties' obligation to maintain the confidentiality of the Confidentially Designated Information pursuant to the terms of this Order.

ii. Designation of the portion of the transcript (including exhibits) that contains Confidentially Designated Information shall be made either (a) by a statement to such effect on the record in the course of the deposition or (b) upon review of such transcript by counsel of record, if counsel notifies opposing counsel of record of the designation within thirty (30) days after counsel's receipt of the transcript.  In connection with such a notification pursuant to this paragraph 3, counsel shall list transcript page and line numbers containing Confidentially Designated Information, attach the list to the transcript, and mail or email copies to counsel of record for all Parties.

iii.    If no designation is made on the record, the transcript shall be presumptively contain Confidentially Designated Information for a period not to exceed thirty (30) days from the date of receipt of the transcript by counsel of record for each of the Parties herein, unless prior to the expiration of this thirty (30) day period, counsel shall designate any portion of the transcript as containing Confidentially Designated Information, in the manner prescribed in this provision. Upon the expiration of this thirty (30) day period, any portions of the transcript not so designated shall be considered not to contain any Confidentially Designated Information.

4.    Except as expressly set forth herein, information and/or documents designated as Confidential Information may be disclosed only to the following persons:

a.   Partners, principals and employees of KPMG for whom access to the information is necessary for the defense or resolution of this Action in the good faith judgment of KPMG's counsel;

b.   The Named Plaintiffs for whom access to the information is necessary for the prosecution or resolution of this Action in the good faith judgment of Plaintiffs' counsel;

c.   The Parties' respective counsel of record (and any in-house counsel for Defendant) and the office personnel employed by such counsel and/or working under the direct supervision of said counsel;

d.   Vendors expressly retained by counsel of record for a Party to assist in preparation of this litigation;

e.   Independent experts and consultants expressly retained by counsel of record for a Party to assist in preparation of this litigation, and who are not employees of the Receiving Party;

f.   Subject to the provisions of paragraph 3, any court reporter transcribing any deposition in this matter and any videographer videotaping any deposition in this matter;

g.   Individuals who are deposed or otherwise provide testimony in this lawsuit, and their counsel, only to the extent that the Parties' counsel believes in good faith that it is necessary to disclose the information in order to defend or prosecute the Action provided that no deponent otherwise precluded from accessing such Confidential Information shall be permitted to possess or otherwise review outside the presence of any Party's counsel of record any Confidential Information;

h.     The Court and all clerks and other personnel in such Court and any law enforcement agency; and

i.     Any person that the Court designates.

5.     Except as expressly set forth herein, information and/or documents designated as Confidential Client Information or Confidential Tax Information may be disclosed only to the following persons:

a.     The Named Plaintiffs as set forth below:

i.     Confidential Client and Confidential Tax Information may be disclosed to a Named Plaintiff to the extent that Named Plaintiff authored, sent, or received the Confidential Client Information or Confidential Tax Information during her employment at KPMG.

ii.     Confidential Client and Confidential Tax Information that was authored, sent, or received by a comparator of a Named Plaintiff may be disclosed to that Named Plaintiff if such disclosure is necessary for the prosecution of specific claim regarding opportunities or resources denied to the Plaintiff in the good faith judgment of Plaintiffs' counsel;

b.     Partners, principals and employees of KPMG for whom access to the information is necessary for the defense or resolution of this Action in the good faith judgment of KPMG's counsel;

c.     The Parties' respective counsel of record (and any in-house counsel for Defendant) and the office personnel employed by counsel for a Party and/or working under the direct supervision of said counsel;

d.     Vendors expressly retained by counsel of record for a Party to assist in preparation of this litigation;

9

e.      Independent experts and consultants expressly retained by counsel of record for a Party to assist in preparation of this litigation, and who are not employees of the Receiving Party;

f.      Subject to the provisions of paragraph 3, any court reporter transcribing any deposition in this matter and any videographer videotaping any deposition in this matter;

g.      Individuals who are deposed or otherwise provide testimony in this lawsuit, and their counsel, only to the extent that they authored, sent, or received the Confidential Client Information or Confidential Tax Information during their employment at KPMG;

h.      The Court and all clerks and other personnel in such Court; and

i.      Any person that the Court designates.

6.      Except as expressly set forth herein, information and/or documents designated as Attorneys' Eyes Only Information may be disclosed only to the following persons:

a.      The Parties' respective counsel of record (and any in-house counsel for Defendant) and the office personnel employed by counsel for a Party and/or working under the direct supervision of said counsel;

b.      Vendors expressly retained by counsel of record for a Party to assist in preparation of this litigation;

c.      Independent experts and consultants expressly retained by counsel of record for a Party to assist in preparation of this litigation, and who are not employees of the Receiving Party;

d.      Subject to the provisions of paragraph 3, any court reporter transcribing any deposition in this matter and any videographer videotaping any deposition in this matter;

e.      The Court and all clerks and other personnel in such Court; and

f.      Any person that the Court designates.

g.      Nothing in the foregoing shall preclude the Named Plaintiffs or any partners, principals or employees of KPMG from having access to the Attorneys' Eyes Only Information to the extent that they otherwise authored, sent or received this Information.

7.      Access to Confidentially Designated Information shall be allowed to a person as identified in paragraphs 5-7 only after the person has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a copy of the attached Acknowledgment.  The signed Acknowledgment shall be retained by the Party who is disclosing the Confidentially Designated Information to such person or by the outside counsel of record for such Party.  In connection with depositions of non-parties, before any Confidentially Designated Information is disclosed to any such non-party, the non-party must sign the attached Acknowledgment.  Any person seeking a copy of the signed Acknowledgment may, for good cause, make a demand setting forth the reasons therefore to which the opposing Party will respond in writing.  If the dispute cannot be resolved, the demanding Party may move the Court for an order compelling production of the signed Acknowledgment.

8.      If counsel for any Plaintiff intends to disclose any Confidentially Designated Information to any person who, with the exception of any former KPMG employee, is currently employed by any entity or person in the business of providing audit, tax or advisory services, counsel for the Plaintiff(s) shall notify KPMG in writing, at least ten (10) business days before

such disclosure is made, of the fact of the proposed disclosure and the nature of professional services provided by the proposed recipient, including the nature of professional services provided by any organization with which the proposed recipient is employed or affiliated for purposes of offering professional services, the identity of each such person, his or her professional affiliation(s), and the date on which the disclosure is intended to be made sufficient to allow the Parties to meet and confer with respect to the potential for any competitive disadvantage arising by a disclosure.  Upon receipt of such notification, KPMG shall have ten (10) business days to object in writing to the disclosure of this information and Plaintiff shall make no such disclosure until the objection is withdrawn in writing or a Court rules on the objection.  The Parties agree to meet and confer in good faith over KPMG's objections.  If the meet and confer efforts of the Parties fail, either Party may file a motion with the Court.  If KPMG fails to object to the disclosure within ten (10) business days of receiving the notice described above, Plaintiffs may make the disclosure.

9.      In the event that any Confidentially Designated Information is not appropriately and/or timely designated as such, then the Disclosing Party may belatedly designate any such Confidentially Designated Information.  The Receiving Party will take reasonable steps to ensure that the disclosure of the Confidentially Designated Information complies with this Order.  Once designated with the new confidentiality designation, all copies and/or versions of the Confidentially Designated Information, whether previously designated or not, shall nevertheless be treated as if they had always been designated with the new confidentiality designation.  No person or party shall incur any liability hereunder with respect to the disclosure of Confidentially Designated Information that occurred prior to the receipt of written notice of a belated designation.  In the event a party produces two or more identical copies of a document or other material, and any copy is designated Confidential Information, Attorneys' Eyes Only

Information, Confidential Tax  Information or Confidential Client Information, while other copies are not so designated, all such identical documents or other materials shall be treated as Confidential Information, Attorneys' Eyes Only Information, Confidential Tax Information or Confidential Client Information, but only to the extent a receiving party becomes aware that such identical documents are designated differently.   Any party identifying such inconsistent designations shall notify the Disclosing Party of the inconsistency, and the Disclosing Party shall notify the parties of the existence and Bates numbers or other identifying information of the non-designated or not properly designated copies, and as to whether the documents are to be treated as Confidential Information, Attorneys' Eyes Only Information, Confidential Tax Information or Confidential Client Information.

10.    In the event that any Confidentially Designated Information is used in any Court proceeding, the Confidentially Designated Information shall not lose its confidential status through such use, and the Party using such Confidentially Designated Information shall take all reasonable steps to maintain its confidentiality during such use.   The Party seeking to file with the Court any documents, transcripts, pleadings, motions, and other materials that comprise, contain, or reflect Confidentially Designated Information shall file such materials as follows:

a.    <u>When a Party seeks to file its own Confidentially Designated Information</u>:  The Parties specifically incorporate Judge Schofield's Individual Rules and Procedures - Rule C (3) "Redactions and Filing Under Seal" which is set forth in full:

"Any party wishing to file in redacted form any document under seal, or any portion thereof, shall email a letter to Chambers, as provided in Section I.B.1 [of these rules], explaining the reasons for seeking to file under seal.  The party shall attach to its letter one full set of the relevant page(s) or document(s) in highlighted form (i.e., with the proposed redactions highlighted).  If the submission exceeds 25 pages, it shall be delivered in hard copy by hand as provided in Section I.B.5 [of these rules], or by mail if impracticable.  The Court will review the proposed

redactions and notify the party of its decision.  The party may then, to the extent permitted by the Court, File the redacted documents on ECF and the full, unredacted documents under seal in accordance with this district's procedures set forth at http://nysd.uscouts.gov/cases_records.php?records=sealed_records.   On application of a party, and provided the unredacted papers are timely served on the party's adversary, the Court will deem papers filed on the date the party delivers them to Chambers for review of proposed redactions."

b.      <u>When a Party seeks to file another Party's Confidentially Designated Information:</u>

If a Party seeks to file another Party's Confidentially Designated Information, an unredacted version of the filing shall be provided to Chambers and to all Parties. The Party seeking to have the Confidentially Designated Information protected shall then have ten (10) business days in which to email a letter to Chambers that explains what information it seeks to protect and the reasons for seeking to protect that information.  That Party shall attach to its letter one full set of the relevant page(s) or document(s) in highlighted form (i.e., with the proposed redactions highlighted).  If the submission exceeds 25 pages, it shall be delivered in hard copy by hand as provided in Section I.B.5 [of these rules], or by mail if impracticable.  The Court will review the proposed redactions and notify the Parties of its decision.  The filing Party may then, to the extent permitted by the Court, file the redacted documents on ECF and the full, unredacted documents under seal in accordance with this district's procedures set forth at http://nysd.uscouts.gov/cases_records.php?records=sealed_records.                On application of a Party, and provided the unredacted papers are timely served on the Party's adversary, the Court will deem papers filed on the date the Party delivers them to Chambers.

c.      If any Party desires at a hearing to offer into evidence Confidentially Designated Information, or to use Confidentially Designated  Information in such a way as to

reveal its nature or contents, such offers or use shall be made only upon the taking of all reasonable steps to preserve the confidentiality of such Confidentially Designated Information, which may include (i) redacting, obscuring or anonymizing Confidentially Designated Information; (ii) offering such Confidentially Designated Information outside the presence of persons other than court personnel, counsel of record, and persons permitted access to such Confidentially Designated Information under and subject to the terms of this Order; or (iii) other such means agreed to by the Parties or Ordered by the Court.

d.      A Party may not seek to have evidence excluded at trial or any public hearing on the basis of this Order.  Prior to trial, if any, the Parties will meet and confer in good faith as to whether and how the Protective Order should be modified for trial.

11.     All challenges to the propriety of a confidentiality designation shall first be made in writing to the Disclosing Party by letter or other document identifying by production number the material challenged.  Within twenty (20) days of the Disclosing Party's receipt of such challenge, the Disclosing Party shall substantiate the basis for such designation in writing to the Receiving Party.  The Parties shall first attempt to resolve such challenges in good faith on an informal basis.  The burden of proof of whether there is a basis for the information having such protection shall be determined in accordance with applicable law.  If the dispute cannot be resolved, the Party challenging the designation may seek appropriate relief from the Court.  The Confidentially Designated Information shall be treated in the manner designated by the Disclosing Party until the issue is resolved.  All communications required by this section may be made by overnight mail, courier, hand delivery, electronic mail or facsimile.

12.     No Party shall be obligated to challenge the propriety or correctness of the designation of Confidentially Designated Information under this Order and a failure to do so shall not preclude a subsequent challenge to such status.

13.     Entering into and/or agreeing to this Order and/or producing or receiving Confidentially Designated Information or otherwise complying with the terms of this Order shall not:

a.      operate as an admission by any Party that any particular Confidentially Designated Information contains or reflects trade secrets or any other type of confidential information;

b.      prejudice in any way the rights of any Party to object to the production of Confidentially Designated Information that they consider not subject to discovery or otherwise privileged;

c.      prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

d.      prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any confidential information and/or document; or

e.      prevent the Parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Confidentially Designated Information

f.      prevent the Parties to this Order from seeking relief from the Court, upon good cause shown, from any of the provisions contained in this Order. The Parties may reach an agreement to modify the times or dates set forth in this order without the consent of the Court.

14.     No later than 60 (sixty) days after the conclusion of this matter by lapse of all appeal rights following entry of final judgment from which no further rights of appeal exist, or by settlement of this matter, unless otherwise ordered or agreed to in writing by the Disclosing Party, each Receiving Party shall destroy or assemble and return to the Disclosing Party, or the Disclosing Party's attorney, all copies of the Disclosing Party's Confidentially Designated Information, except that counsel of record for the Parties shall be entitled to retain copies of court papers, and deposition and trial transcripts containing or reflecting Confidentially Designated Information, as long as such counsel and its employees shall not disclose any such Confidentially Designated Information to any other persons in the absence of a court order. Moreover, this Order shall not be interpreted in a manner that would violate applicable cannons of ethics or codes of professional responsibility.  If Confidentially Designated Information is destroyed, a Certification of Destruction signed by counsel of record shall be provided to the Disclosing Party within fourteen (14) days after the destruction of the documents.   If Confidentially Designated Information is returned, the Party returning the information shall provide a certification that all Confidentially Designated Information was returned.

15.     No Party is prevented from seeking relief not provided by this Order, or otherwise seeking relief from the Court or another court of competent jurisdiction, as may be appropriate to protect its interests or otherwise prepare this matter for trial.

16.     This Order shall survive the final determination of this litigation and shall remain in full force and effect unless and until it is modified or superseded by a subsequently filed stipulated protective order or an order of this Court.

17.     All Parties, their counsel of record, and all persons agreeing to be bound by this Order will abide by all of the terms of this Order until and unless otherwise ordered by the Court or another court of competent jurisdiction or if the Parties agree otherwise but only if such

agreement is made pursuant to a written agreement or oral agreement transcribed by a court reporter.  Except as expressly set forth herein and subject to any applicable evidentiary rules, all Parties to this case and all persons bound by this Order agree that they will not make use of any, or the contents of any, Confidentially Designated Information produced in this case, except for the purposes of prosecuting or defending this litigation to its ultimate termination and/or otherwise attempting to resolve this litigation.  Nothing contained herein shall permit any person receiving Confidentially Designated Information to utilize the same for any purpose other than in connection with this litigation.  Nothing in the foregoing shall limit the rights of any individual with respect to information that is or becomes a part of the public record consistent with the provisions of this Order or that was intentionally made public by the Disclosing Party.

18.    Materials protected from disclosure by the Attorney/Client privilege, the Work Product Doctrine and/or any other applicable privilege or protection:

a.    Definition of "Protected Material".  Protected Material is any information, including documents and testimony, provided to a Receiving Party that is protected from disclosure by the Attorney-Client privilege, the Attorney Work Product Doctrine and/or any other applicable privilege or protection.

b.    Notification.

i. Disclosing Party:  A Disclosing Party that discovers it has disclosed Protected Material ("Disclosed Protected Material") through its own discovery shall notify the Receiving Party that it wishes to preserve the protection of the Disclosed Protected Material within fifteen (15) business days of the discovery of the disclosure of Protected Material.

ii. Receiving Party:    If the Receiving Party receives material it reasonably believes to be Protected Material, the Receiving Party shall notify the Disclosing

18

Party, in writing by overnight mail, courier, hand delivery, electronic mail or facsimile, within fifteen (15) business days of the discovery of that material.  The Receiving Party shall provide a copy or the production identification number of the material it reasonably believes to be Protected Material. The Receiving Party shall not use or disclose such material to anyone for any purpose following its discovery of the material pending the Disclosing Party's response to the notification or the expiration of the fifteen (15) business day period described below in Paragraph 18.c.ii.

c.    Procedure After Notification.

i. If the Disclosing Party notifies the Receiving Party, in any manner (e.g. via telephone, in person, overnight mail, courier, hand delivery, electronic mail or facsimile), within the fifteen (15) business days following 18.b.i.-b.ii. that it wishes to preserve the protection of the Disclosed Protected Material, then the protection of the Disclosed Protected Material is preserved in accordance with Rule 502(d) of the Federal Rules of Evidence.  In the notification, the Disclosing Party shall instruct the Receiving Party either to return or destroy the Disclosed Protected Material and all copies thereof.

ii. Upon receipt of a notification from the Disclosing Party that it wishes to preserve the protection of the Disclosed Protected Material, the Receiving Party shall, within fifteen (15) business days, return or destroy the Disclosed Protected Material and any material reflecting or referring to the information contained in the Disclosed Protected Material in accordance with the Disclosing Party's instructions, and provide a certification of counsel of record that all such materials have been returned or destroyed.  If any material reflecting the information

contained in the Disclosed Protected Material cannot practically be returned or destroyed, then the Parties shall agree upon a reasonable means by which the protection of the Disclosed Protected Material shall be preserved or, if unable to agree on the means to be used, bring the question before the Court for resolution.

iii.     Within thirty (30) business days of the notification that such Disclosed Protected Material has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Disclosed Protected Material that was returned or destroyed.

d.     No Waiver of Privilege.  If, in connection with this litigation, the Disclosing Party discloses Disclosed Protected Material, such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or protection that the Disclosing Party would be entitled to assert with respect to the Disclosed Protected Material in this Court or in any other Federal or State proceeding. Instead, any Disclosed Protected Material and its subject matter shall be treated as if there had been no disclosure for all purposes.

e.     Motion to Compel Production.  The Receiving Party may move the Court for an order compelling production of the Disclosed Protected Material.  Such a motion shall not discuss, refer to, or disclose the specific contents of the Disclosed Protected Material, but may refer to the general subject matter of the Disclosed Protected Material and to the contents of the privilege log and shall not assert as a ground for entering such an order the fact or circumstances of the disclosure of the Disclosed Protected Material in connection with this adversary action.

19.     Notwithstanding the provisions of this Order, this Order does not restrict the right of the Disclosing Party to make use of or disclose its own Confidentially Designated Information.

20.     This Order shall apply to non-parties who are obliged to provide discovery, by deposition, production of documents, or otherwise, in this litigation.  This Order also shall also apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents, or otherwise. Nothing in this Order prohibits a non-party from seeking additional protections by agreement with the Parties or from a Court of competent jurisdiction.

21.     Notwithstanding anything to the contrary herein, if the Receiving Party is (a) subpoenaed in another action, or (b) served with a demand in another action to which it is Party, or (c) served with any other legal process by one not a Party to this lawsuit (each, a "Demand"), seeking Confidentially Designated Information, the Receiving Party shall, prior to any production or dissemination, and within two (2) business days of receipt of such Demand, give prompt actual written notice to the Disclosing Party by overnight mail, courier, hand delivery, electronic mail or facsimile), along with a copy of such Demand, unless such notice is prohibited by applicable law or by order of a court or governmental entity, so that the Disclosing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Order.  Should the person seeking access to the Confidentially Designated Information take action against the Receiving Party or anyone else covered by this Order to enforce such a Demand, the Receiving Party shall respond by setting forth the existence of this Order.  Unless the Disclosing Party waives the protections of this Order, the Receiving Party or anyone else covered by this Order will not disclose any Confidentially Designated Information except

pursuant to the order of a court of competent jurisdiction directing the disclosure of such Confidentially Designated Information.

The foregoing is AGREED AND STIPULATED TO by the Parties through their undersigned counsel.


Dated: May 1, 2013
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

**ATTORNEYS FOR PLAINTIFFS**

_s/ Katherine E. Lamm_

**Deepika Bains**
**Jeremy Heisler**
**Siham Nurhussein**
SANFORD & HEISLER LLP
1350 America of the Americas, 31st Floor
New York, NY 10019
dbains@sanfordheisler.com
jheisler@sanfordheisler.com
snurhussein@sanfordheisler.com
646.402.5650
646.402.5651 (facsimile)


**Katherine M. Kimpel** _(admitted pro hac vice)_
**Katherine E. Lamm** _(admitted pro hac vice)_
**Kate Mueting** _(admitted pro hac vice)_
**David W. Sanford** _(admitted pro hac vice)_
SANFORD HEISLER, LLP
1666 Connecticut Avenue, N.W., Suite 300
Washington, DC 20009
kkimpel@sanfordheisler.com
klamm@sanfordheisler.com
kmueting@sanfordheisler.com
dsanford@sanfordheisler.com
202.742.7788
202.742.7776 (facsimile)


**Janette Lynn Wipper** _(admitted pro hac vice)_
SANFORD & HEISLER LLP
555 Montgomery Street, Suite 1206
San Francisco, CA 94111
jwipper@sanfordheisler.com
415.391.6900
415.421.5784 (facsimile)


**ATTORNEYS FOR DEFENDANT KPMG LLP**

_s/ Cheryl M. Stanton_

**Diane M. Saunders**
**Cheryl M. Stanton**
**Peter O. Hughes** _(admitted pro hac vice)_
**Steven W. Moore** _(admitted pro hac vice)_
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
1745 Broadway, 22nd Floor
New York, NY 10019
diane.saunders@ogletreedeakins.com
cheryl.stanton@ogletreedeakins.com
peter.hughes@ogletreedeakins.com
steven.moore@ogletreedeakins.com
212.492.2500
212.492.2501 (facsimile)


**John G. Levi** _(admitted pro hac vice)_
**Colleen M. Kenney** _(admitted pro hac vice)_
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60601
jlevi@sidley.com
ckenney@sidley.com
312.853.7000
312.853.7036 (facsimile)


**Wendy M. Lazerson**
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
wlazerson@sidley.com
650.565.7000
650.565.7100 (facsimile)



SO ORDERED:


_____
Hon. Lorna G. Schofield
United States District Judge


23

## APPENDIX A

**ACKNOWLEDGEMENT**

I hereby acknowledge that I have received a copy of the Stipulated Protective Order ("Order") entered in the action entitled *Kassman, et al. v. KPMG LLP*, No. 11-CV-03743 (LGS), pending in the United States District Court for the Southern District of New York, that I understand the terms thereof and agree to be bound by its terms, and that I submit myself to the jurisdiction of the Court, wherever I may be, for the enforcement of this Order.

Signed under penalty of perjury of the laws of the United States of America, this _____ day of _____, 20__.

_____
Name: