E8DPKASC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

DONNA KASSMAN, ET AL.,

        Plaintiffs,

    v.                      11 CV 3743 (LGS)
                            TELEPHONE CONFERENCE
KPMG, LLP,

        Defendant.

------------------------------x
                            New York, N.Y.
                            August 13, 2014
                            12:06 p.m.

Before:

            HON.   LORNA G. SCHOFIELD,

                            District Judge

          APPEARANCES (VIA TELEPHONE)

SANFORD WITTELS & HEISLER, LLP
    Attorneys for Plaintiffs
BY:  KATHERINE M. KIMPEL, ESQ.
     MAYA SEQUEIRA, ESQ.


OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Attorneys for Defendant
BY:  STEVEN W. MOORE, ESQ.


SIDLEY AUSTIN LLP
    Attorneys for Defendant
BY:  COLLEEN M. KENNEY, ESQ.

1              (In chambers)

2              (Case called)

3              THE COURT:  Good afternoon, counsel.  We are here on
4    two matters.  One is the notice to punitive class members, and
5    the other is the redaction issue.  And, first, I just want to
6    thank you as much as I possibly can for your submissions on
7    both issues.  I'm not sure I could have efficiently gotten
8    through the material otherwise, and it was just extremely
9    helpful and well organized and clear, and you clearly had to
10   work together to do it and I'm so appreciative.

11              So let me get to the point and tell you where I am on
12   each of these things.  So on the notice, what I plan to do is
13   to issue an order stating that the notice should be in
14   substantially the form as the attached document.  And what I've
15   done is basically marked up your submissions to select the
16   language that I thought was most appropriate.  And for the
17   notice, in most cases, I took the language of one party or the
18   other.  There are very few cases where I made my own edits, but
19   they were really more editorial than anything else.

20              So what I expect you to do is to use that form of
21   notice, but, obviously, if you want to change the look of it or
22   if there's anything that seems to be an error, like a
23   typographical error or something like that, you're certainly
24   free to change it.  And to the extent that you can agree on any
25   other change, you're free to do that.  I don't want to

1     hamstring you and say that you have to use my notice because
2     it's your notice, not my notice.
3             And my decision is that we should use only one notice.
4     I decided that it would be too confusing to have two notices
5     and, ultimately, not very efficient or useful.
6             And so with the notice would be a consent-to-join
7     form, and you'll see that it has two boxes to check with regard
8     to dates of employment and then biographical information and
9     then basically a consent.  I thought long and hard about
10    whether to have a "check the box" that related to knowledge or
11    opportunity to file a claim at an earlier date, but decided
12    against it because no matter what the box says and no matter
13    how an employee or former employee responds, it would still be
14    necessary for the plaintiff to contact the person and get
15    further information.  And so, in the end, I thought it would
16    not be useful or helpful.
17            So you'll see that the consent-to-join form isn't
18    really what either of you proposed, but contains language that
19    both of you proposed.  And, again, my ruling is that you use
20    something substantially in the same form, but if you can agree
21    on changes to formatting or even to substance, you should feel
22    free to do that.  And I will get that on the docket sheet
23    today.
24            If you have any questions, just let me know.  I guess
25    the best way to do that is by a letter on ECF and, if

1  necessary, we'll have another phone conference or I'll just try
2  and answer it in some informal way.
3          Okay.  With respect to the redaction issue, again, I
4  thought your submissions were just extremely helpful, and I'll
5  tell you what my ruling is as to category, and then I trust
6  that you'll be able to implement that regarding the various
7  documents and specific redactions on the documents.
8          I'm primarily relying on the standard that was
9  articulated on the lawsuit of Lugosch v. Pyramid Co. of
10 Onondaga, which is 435 F.3d 110, 119 (2d Cir. 2006), and
11 basically it's a two-part inquiry.  The first is to continue,
12 and I'm quoting now, "the weight to be given the presumption"
13 of access to the judicial documents based on "the role of the
14 material at issue in the exercise of Article III judicial power
15 and the resultant value of such information to those monitoring
16 the federal courts."
17         And the way that I interpret that first requirement is
18 to acknowledge that there is a presumption of access to
19 judicial documents, and the strength of the presumption depends
20 on how critical the material was to the decision at issue or
21 the parties' arguments at issue.
22         The second part of the inquiry under Lugosch is to
23 weigh the countervailing interests, like privacy interests of
24 the party resisting disclosure, judicial efficiency, or -- and
25 I think this one's not particularly relevant -- the danger of

impairing law enforcement.

So Category 1, and I'm using your categories so that there won't be any confusion and I think I'm using your language to describe the categories, but in any event, I'm referring to your Category 1, and that is the information that relates to Linda O'Donnell and particularly her salary information.

And my order as to that is that there will be no redaction of information pertaining to her except to the extent the parties have already agreed. My reasoning is that O'Donnell, as we all know, was a plaintiff in the case, is no longer a plaintiff in the case. At the time that the motion at issue was filed, she was still in the case. In fact, there is a reference to her in the opinion, which is published, and because of all of that, I give significant weight to the presumption of access to these particular documents.

The countervailing interest is KPMG's privacy information in her interest, which I view as relatively low, inasmuch as her name and salary information have long been published since the filing, in fact, of the second amended complaint and continuing with the third amended complaint and then also in my opinion and order. So for all of those reasons, but primarily because of the importance and significance at the time of the motion, that information should not be redacted.

1       Category 2 is compensation and performance evaluations
2  of non-parties, and I would order the redactions but as
3  plaintiffs request.  And the reason for that is, again, the
4  strength of the presumption of access.  The compensation of the
5  non-parties ended up being an important aspect of the defense
6  argument that KPMG made on the motion and KPMG, in fact,
7  introduced this argument and really argued the underlying
8  merits of the case and, in essence, opened the door to those
9  facts when I think it wasn't even really necessary to do that.
10 But having put that in the moving papers, it was an important
11 part of the defense and an important part of what I considered
12 in making the decision.  So I think there is a strong
13 presumption for those reasons in favor of access.
14      I acknowledge that there is some business privacy
15 interest in the same information, but my evaluation is that
16 that privacy interest is not strong enough to outweigh the
17 strong presumption, given the nature of the information and its
18 relevance to both the motion and then to ultimately this
19 action.
20      Category 3 is client-related information, particularly
21 relating to billing rates and revenue.  And my order is that
22 the Category 3 redactions should be as defendant requests.  The
23 billing rates and revenue information were not critical to the
24 motion, either the argument or my decision, and KPMG has a
25 strong privacy interest in that information, particular

1   vis-a-vis competitors, and that privacy interest outweighs the
2   presumption.
3        Finally, Category 4 is KPMG compensation and
4   evaluation strategy information, and my order is that the
5   redactions should be as the defendant requests.  This
6   information, similarly, was not central to the motion or the
7   resulting order and opinion, and also I would note that KPMG
8   significantly narrowed the redactions in light of the comments
9   at our conference, and the redactions are now very limited.
10       The narrative approach or the narrative information
11  about the general approach that KPMG takes was not proposed to
12  be redacted, and given the narrowness of the redactions and the
13  privacy justifications, I find that it's appropriate for those
14  redactions to be made.
15       So those are my rulings on the two areas.  Are there
16  any questions or any matters that we need to discuss on this
17  call?  Okay.  So --
18       MS. KIMPEL:  Not from the plaintiffs, your Honor.
19       MS. KENNEY:  No, your Honor.  This is Colleen Kenney.
20  No, your Honor.  Thank you.
21       THE COURT:  Okay.  Thank you.  So I will do very brief
22  written orders today, but I think my rulings are clear.  Okay.
23  Thank you very much, counsel.
24       MS. KIMPEL:  Thank you, your Honor.
25       MS. KENNEY:  Thank you, your Honor.
              (Adjourned)