

| | | | |
|---|---|---|---|
| SIDLEY AUSTIN LLP<br>ONE SOUTH DEARBORN STREET<br>CHICAGO, IL 60603<br>(312) 853 7000<br>(312) 853 7036 FAX | BEIJING<br>BOSTON<br>BRUSSELS<br>CHICAGO<br>DALLAS<br>GENEVA | HONG KONG<br>HOUSTON<br>LONDON<br>LOS ANGELES<br>NEW YORK<br>PALO ALTO | SAN FRANCISCO<br>SHANGHAI<br>SINGAPORE<br>SYDNEY<br>TOKYO<br>WASHINGTON, D.C. |
| ckenney@sidley.com<br>(312) 853-4166 | FOUNDED 1866 | | |

May 13, 2015

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Kassman v. KPMG LLP</u>, Civ. No. 11-cv-3743 (LGS)

Dear Judge Schofield:

      Pursuant to the Court's Individual Rules and Procedures, Defendant KPMG LLP ("KPMG") respectfully requests a pre-motion conference concerning its anticipated motion under Rule 37 to compel the production of documents and information in response to KPMG's Requests for Production ("RFP") and Interrogatories.

      KPMG and Plaintiffs have engaged in extended written and oral communications since May 2013 regarding Plaintiffs' responses to KPMG's written discovery requests. Most recently, since August 2014, the Parties have exchanged over twenty letters regarding KPMG's request that the Named Plaintiffs supplement their incomplete responses to numerous interrogatories and document requests. Over that period, the Parties were able to resolve the majority of their disputes. However, we were unable to reach agreement regarding two categories of documents as well as certain issues concerning Plaintiff Donna Kassman's production, each of which are addressed herein.

      <u>RFP Nos. 1 and 13</u> seek (among other things) documents and communications relating to KPMG, any current or former KPMG partner, principal or employee, including documents concerning communications Plaintiffs have had since their departure from KPMG with any current or former partner, principal, or employee of KPMG. KPMG has narrowed this request to documents and communications concerning or with current or former KPMG partners, principals or employees named in the Third Amended Complaint ("TAC") or Plaintiffs' initial disclosures. Plaintiffs have repeatedly refused to produce all such documents in their entirety, claiming that the Court's October 30, 2013 Order (Dkt. No. 114) requires only that they produce communications that relate to or reflect the emotional distress they have alleged, or to KPMG, this case, or the facts alleged.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.



Honorable Lorna G. Schofield
May 13, 2015
Page 2

      First, Plaintiffs' interpretation of the Court's October 30, 2013 Order is incorrect. The Court's limiting instructions at the October 30, 2013 hearing, on which Plaintiffs rely, addressed Plaintiffs' objection that RFP Nos. 7 and 8 are overbroad to the extent that they seek communications revealing or relating to an emotional state. (*See* Dkt. 114 at 4:12-15 (Ms. Mueting: "Our concern here is that the request is very overbroad and asks for documents…that reveal, refer or relate to any emotion, feeling or mental state…")) On that basis, the Court limited RFP Nos. 7 and 8 – to the extent they seek documents relating to Plaintiffs' emotional or mental state – to communications with only those individuals "who witnessed the discriminatory effects" and which relate to Plaintiffs' emotional state or "this case broadly." (*Id.* at 6:22-7:6) Plaintiffs stated no objections to RFP Nos. 1, 7, or 13 to the extent they seek communications with current or former KPMG employees, principals, or partners and, as a result, the Court did not limit these Requests in that regard.

      In any event, Plaintiffs' post-employment communications with the alleged key actors and witnesses in this case clearly do relate "to KPMG, this case, or the facts alleged." This is true regardless of whether the communications directly discuss the litigation, KPMG, or the allegations in the TAC. For example, to the extent a Named Plaintiff has had any email correspondence, of a personal nature or otherwise, with an individual named in the TAC, those communications are clearly relevant and discoverable. Therefore, Plaintiffs must produce them. *See*, *e.g.*, *Glazer v. Fireman's Fund Ins. Co.*, No. 11 Civ. 4374, 2012 WL 1197167, at *3 (S.D.N.Y. April 5, 2012) (directing plaintiff in employment discrimination action to turn over all requested social media communications as they were likely to contain relevant information regarding her relationships with coworkers, emotional state, and views regarding her treatment).

      RFP No. 11 seeks documents concerning all jobs Plaintiffs have held from five years prior to the filing of the Original Complaint to the present. The Court's October 30, 2013 Order generally limited RFP No. 11 to documents sufficient to show income and benefits from jobs held during and after Plaintiffs' employment with KPMG. However, as to Plaintiffs Kassman and Vasudeva, who are both self-employed, KPMG has also specifically requested documents sufficient to show Plaintiffs' efforts to establish, grow, and/or maintain their current businesses.

      Specifically, Ms. Vasudeva was unemployed from November 15, 2013 through June 2014, did not apply for any jobs during that period, and has since been self-employed by her firm, Astute Business Solutions. Similarly, Ms. Kassman maintains that her firm, Kassman Consulting LLC, has been her sole source of employment or income since she left KPMG. Accordingly, documents bearing on Ms. Kassman's and Ms. Vasudeva's respective efforts to grow and maintain their businesses are clearly necessary to determine whether they have made sufficient efforts to mitigate their damages. *See*, *e.g.*, *Rajaravivarma v. Bd. of Trs. for Conn. State Univ. Sys.*, 272 F.R.D. 315, 320 (D. Conn. 2011) (finding relevant to mitigation and ordering plaintiff to produce documents concerning subsequent job, including regarding opportunities for promotion and tenure); *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06 Civ. 6198, 2007 WL 1521117, at *9-10 (S.D.N.Y. May 24, 2007) (documents concerning subsequent employment relevant to plaintiff's mitigation of damages). Accordingly, KPMG respectfully requests that the Court order Plaintiffs Kassman and Vasudeva to produce

Honorable Lorna G. Schofield
May 13, 2015
Page 3



documents sufficient to demonstrate their efforts regarding the establishment and maintenance of their respective firms.

Finally, KPMG has repeatedly raised with Plaintiffs KPMG's concern that Ms. Kassman has failed to produce all relevant documents in response to various RFPs propounded by KPMG, including RFP Nos. 1, 3, and 13. For example, Ms. Kassman's sister, Ilene Kassman, has produced various relevant communications she had with Ms. Kassman, which, to date, Ms. Kassman has herself failed to produce. Ms. Kassman's most recent production of documents also indicates that, despite the limited number of communications she has produced from her personal email account, she has a folder labeled "KPMG Litigation" in her Gmail account. In addition, Ms. Kassman's production also reveals that she has approximately 6,000 unread emails in her Gmail account. KPMG asked Plaintiffs to confirm that the emails in the "KPMG Litigation" folder have been produced and also whether the unread emails have been reviewed for responsiveness and, if not, the date by which they will be. Plaintiffs have provided no response to KPMG. Accordingly, KPMG respectfully requests that the Court order Ms. Kassman to produce all of her responsive communications with her sister, Ilene Kassman, as well as any other responsive communications she has withheld other than on the basis of privilege, including those within her approximately 6,000 unread emails and in her "KPMG Litigation" folder.

We will make ourselves available for a pre-motion conference at Your Honor's convenience.

Very truly yours,

Colleen M. Kenney

cc:     Counsel of Record