UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
 :
DONNA KASSMAN, et al., :
                              Plaintiffs, :
 :
              -against- :
 :
KPMG LLP, :
                             Defendant. :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/02/2015

11 Civ. 3743 (LGS)

**OPINION AND ORDER**

LORNA G. SCHOFIELD, District Judge:

      By Opinion and Order dated September 4, 2015 (the "Opinion"), Plaintiffs' motion for Equitable Tolling of the Statute of Limitations for Collective Action Members' Claims under the Equal Pay Act ("EPA") was granted in part, equitably tolling the statute of limitations for claims brought under the EPA from March 16, 2012. *Kassman v. KPMG LLP*, No. 11 Civ. 3743, 2015 WL 5178400 (S.D.N.Y. Sept. 4, 2015). On September 18, 2015, Defendant KPMG LLP ("KPMG") filed the instant motion for reconsideration and clarification pursuant to Rule 60(b) and Local Rule 6.3. For the following reasons, KPMG's motion is denied.

      KPMG's motion is construed as brought only under Local Rule 6.3, as Rule 60(b) "applies only to final orders and judgments." *Harris v. Millington*, --- Fed. App'x. ----, No. 14-2684, 2015 WL 3480123, at *1 (2d Cir. June 3, 2015) (summary order); *see also In re Shengdatech, Inc. Sec. Litig.*, No. 11 Civ. 1918, 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015). The standards governing motions for reconsideration pursuant to Local Rule 6.3 are "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *ResQnet.com, Inc. v. Lansa, Inc.*, No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) (quoting *Rafter v. Liddle*, 288

Fed. App'x 768, 769 (2d Cir. 2008) (summary order)).  Courts grant these motions "only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

KPMG does not identify any intervening change of law or newly-discovered evidence, and argues instead that the Opinion should be reconsidered and/or modified to prevent manifest injustice.  Specifically, KPMG argues that the Opinion (1) impermissibly presumed diligence on the part of the opt-in plaintiffs, (2) "penalized" KPMG for vigorously defending this case, (3) granted an excessive tolling period and (4) deprived KPMG of its right to raise individual defenses.  Each of these arguments is meritless.

First, KPMG's assertion that the Opinion impermissibly presumed the opt-in plaintiffs' diligence despite "controlling Second Circuit precedent [that] requires an individualized analysis of equitable tolling" is untrue.  As the Opinion noted, "[t]he Second Circuit seems not to have addressed equitable tolling in a FLSA collective action," and courts within this circuit have tolled FLSA cases without engaging in the individualized inquiry KPMG claims is required.  *Kassman*, 2015 WL 5178400, at *4, 7; *see also Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 171 (S.D.N.Y. 2014) ("[T]he Court declines to adopt a piecemeal approach to equitable tolling, which would waste judicial resources, further delay resolution of this action, and contravene the

2

purposes of FLSA."). The authorities KPMG cites as "requiring" plaintiff-by-plaintiff analysis support only the general and uncontroversial proposition that equitable tolling is a "rare remedy" based on case specific determinations. The Opinion's description of the circumstances that delayed issuing notice, and the evaluation of Plaintiffs' diligence, explain why equitable tolling is appropriate under the specific facts of this case. The Opinion does not contravene controlling precedent.

Second, the Opinion does not fault KPMG's conduct during this litigation, and no modification is required on this ground. The Opinion explains that the delay between this action's commencement and the deadline for opt-in plaintiffs to file their consent to join "was caused by several factors, the most significant of which are attributable to the Court." *Kassman*, 2015 WL 5178400, at *4; *see also id.* ("[s]ignificant delays attributable to the court may constitute 'extraordinary circumstances'" for equitable tolling purposes). References to "Defendant's vigorous opposition at every juncture, as well as Defendant's resistance to providing information necessary for the class certification motion," never faulted KPMG's litigation strategy, and merely provided the context for the Opinion's holding regarding Plaintiffs' diligence. *Id.* at *7. As the Opinion made clear, "[d]elays caused by a defendant may warrant equitable tolling, even without any evidence of bad faith." *Id.* KPMG's motion to reconsider or amend on this ground is therefore denied.

Third, KPMG's arguments for proposed alternative tolling dates are unavailing. The Opinion explained that Judge Holwell's resignation and the resulting delay in adjudicating Defendant's first motion to dismiss were "the first in a series of 'extraordinary circumstances' that delayed the sending of notice." *Id.* at *8. In its motion to reconsider, KPMG first argues

that no tolling should have been granted prior to June 9, 2013, which it calculates to be the earliest deadline for responding to Plaintiffs' first set of discovery requests; or February 7, 2013, the date Defendant's first motion to dismiss was decided.  But the Rule 16(a) conference setting an initial discovery schedule did not take place in this case until April 2013, after Judge Furman issued the order granting in part and denying in part Defendant's first motion to dismiss.  The Court's delay in resolving various motions -- together with the issuance of other orders during those motions' pendency -- dictated the timing of Plaintiffs' discovery requests and the filing of their motions for conditional certification and equitable tolling.  KPMG is incorrect to suggest that Plaintiffs were able to notice opt-in plaintiffs sooner than they did.

In the alternative, KPMG argues that there should be no tolling after October 3, 2014, the date when Plaintiffs sent the EPA notice to the opt-in plaintiffs, because "[a]ll opt-ins had full and fair notice of Plaintiff's EPA claims as of that date."  The EPA notice sent on October 3, 2014, however, informed its recipients that they had until January 31, 2015, to respond, and the 120-day interval KPMG challenges as "gratuitous" is a reasonable amount of time calculated to ensure that the opt-in plaintiffs could receive and read the notice, and conduct research as necessary to make an informed decision as to whether they should consent to join this action.  KPMG's motion to reconsider the tolling date of March 16, 2012, is denied.

Finally, KPMG seeks clarification on whether it will be able to raise individualized challenges to tolling and timeliness later in this litigation.  KPMG claims that there is "evidence of many opt-ins who were well-aware of their potential claims, yet sat on them for years."  Any ruling on these individuals' claims or diligence at this stage would be premature.  The propriety of individualized challenges to timeliness or equitable tolling will be decided if and when KPMG

raises them, and after both parties have had the opportunity to brief the issue.

For the foregoing reasons, Plaintiff's motion for reconsideration and clarification is DENIED. The Clerk of Court is directed to close the motion at Docket No. 418.

SO ORDERED.

Dated: October 2, 2015
      New York, New York

                                                LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE