

**Sanford Heisler Sharp, LLP**
1666 Connecticut Avenue NW
Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Fax: (202) 499-5199
www.sanfordheisler.com

*Kate Mueting*, Partner
(202) 499-5206
kmueting@sanfordheisler.com

New York | Washington D.C. | San Francisco | San Diego | Nashville

November 10, 2017

**VIA CM/ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York

    Re:    *Kassman v. KPMG LLP*, Civ. No. 11-cv-3743 (LGS)

Dear Judge Schofield:

Pursuant to this Court's Order at Docket No. 697, Plaintiffs submit this pre-motion letter regarding its anticipated motion to certify a Rule 23 class. Plaintiffs' motion will include evidence that KPMG discriminates against women in the proposed class through common pay and promotion policies, and that it fails to address known problems. Plaintiffs will seek to certify a proposed class of women who have held the position of Associate through Managing Director, inclusive, in Tax and/or Advisory, at U.S.-based KPMG offices.

Plaintiffs will demonstrate the requirements of certification under Rule 23(a). First, the proposed class of more than 10,000 women is sufficiently numerous. Second, there are critical questions of fact and law common to the class. For example, Plaintiffs' disparate impact claim will address whether KPMG's pay and promotions policies have a disparate impact on women. Plaintiffs' disparate treatment claim will address whether KPMG operated under a general policy of discrimination, such that all class members are entitled to a presumption of discrimination. Both claims will rely on common proof in the form of firm documents and testimony, as well as expert statistical analysis of KPMG's payroll and personnel data and expert analysis regarding the common mechanisms allowing for bias in KPMG's pay and promotions systems identified by an expert in the field of Human Resource Management. These mechanisms include common unreliable and vague pay and promotion criteria, a compensation-setting process that ignores performance in crucial ways, and tap-on-the-shoulder promotion policies, as well as KPMG's failure to provide any training to prevent or mitigate the effects of bias in the compensation and promotion processes. Third, the Representative Plaintiffs' claims are typical, as all worked at KPMG in class positions during the class period and were denied pay and promotions due to their gender as a result of being subjected to KPMG's common policies. Fourth, the Representative Plaintiffs are adequate because their interests are aligned with the interests of the class members. They also satisfy Rule 23(g) because they have retained class counsel that is qualified and experienced in leading class action and gender discrimination litigation.

Judge Schofield
November 10, 2017
Page 2

Courts in this Circuit and across the country have certified classes challenging similar policies and raising similar common questions as those challenged and raised here, holding that the common evidence challenging common policies is precisely the "glue" of commonality identified in *Dukes v. Wal-Mart*, 564 U.S. 338 (2011). *See, e.g.*, *Brown v. Nucor Corp.*, 785 F.3d 895, 922 (4th Cir. 2015) (vacating denial of class certification where Plaintiffs presented common statistical and anecdotal evidence of discrimination); *McReynolds v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 672 F.3d 482, 492 (7th Cir. 2012) (reversing the denial of class certification based on common questions regarding the company-wide compensation policy); *Porter v. Pipefitters Ass'n Local Union 597*, No. 12-9844, 2016 WL 5110508 (N.D. Ill Sept. 20, 2016) (finding that whether the defendant "allowed and endorsed a system that promoted favoritism and discrimination" was sufficient commonality); *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492 (N.D. Cal. 2012) (certifying a class based on a tap-on-the-shoulder promotion policy).

Additionally, Plaintiffs will establish the requirements of a Rule 23(b)(2) injunctive relief class, and will show that certification of a Rule 23(b)(3) damages class is appropriate, as common issues predominate over individual ones and a class action is superior to other forms of adjudication. *See In re Petrobras Sec.*, 862 F.3d 250, 271 (2d Cir. July 7, 2017) (finding predominance and superiority); *Gulino v. Bd. of Educ.*, No. 96-8414, 2013 WL 4647190, at *10-12 (S.D.N.Y. Aug. 29, 2013); *Easterling v. Conn. Dep't of Corr.*, 278 F.R.D. 41, 48 (D. Conn 2011). Plaintiffs will also establish the requirements of Rule 23(c)(4), so that this Court could, alternatively, grant partial certification, including on the issue of liability. *Houser v. Pritzker*, 28 F. Supp. 3d 222, 254 (S.D.N.Y. 2014).

Pursuant to this Court's order at Docket No. 697, the parties will submit their proposed briefing schedule and limitations on briefing, including the number of pages, exhibits, and declarations, by November 17, 2017. This proposal will incorporate the limitations detailed in this Court's Order at Docket No. 640 regarding declarant-related discovery. A pre-motion conference on this letter is scheduled for December 6, 2017 at 10:50 a.m.

Respectfully Submitted,

Kate Mueting

CC: All Counsel of Record, via ECF