

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036

AMERICA • ASIA PACIFIC • EUROPE

February 6, 2018

**VIA Email**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
New York, New York 10007

Re:     *Kassman v. KPMG LLP*, Civ. No. 11-cv-3743 (LGS)

Dear Judge Schofield:

KPMG respectfully submits this pre-motion letter on KPMG's proposed Motion to Strike Plaintiffs' Exhibits filed in support of Motion for Class Certification under Rule 23 and Final Certification of the Equal Pay Act Collective because they violate the Court's Order.[1] Alternatively, KPMG respectfully requests that the Court confirm that KPMG may use the same approach to briefing as Plaintiffs. Because the Court's ruling on this issue has an immediate effect on the current schedule and on KPMG's responsive papers, KPMG respectfully requests an expedited hearing.

In violation of the letter and the spirit of this Court's rules, Plaintiffs have served over 330 documents that they concede are "unique documents" and that cover more than 2,100 pages. The Court previously Ordered that each side may submit up to 125 exhibits relating to certification briefing. [DKT. 711] Your Honor's rules state that each exhibit is "not to exceed 15 pages" and that "exhibits shall be excerpted to include only relevant material." Individual Rules, III(B)(3). Plaintiffs' briefing purports to assert that their voluminous submission comprises only *seven* of their 125 exhibits.

Plaintiff never sought any expansion of the page limitations on exhibits nor did they ever disclose to the Court or KPMG that they did not intend to comply with the Court's Individual Rules. Indeed, Plaintiffs' counsel fought tooth and nail to limit KPMG's ability to present evidence, including arguing that KPMG be limited to 30 declarations. In imposing limits (including on the number of declarations), Your Honor expressed concern about receiving an overwhelming number of documents and pages to analyze. It is simply difficult to see how Plaintiffs' proposed submission of over 330 exhibits totaling over 2,100+ pages – on their initial submission alone – complies with their arguments to limit KPMG's evidence and the Court's limitations or its goals. Given how Plaintiffs count exhibits, they apparently believe that they can

---

[1] At the Court's previous request, this letter is being served on the Court and counsel via email and will be filed on ECF once the briefing on the certification related motions is complete.

Sidley Austin LLP is a limited liability partnership practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Honorable Lorna G. Schofield
February 6, 2018
Page 2

submit another 118 exhibits, of unlimited numbers of pages, with their reply. The Court should not countenance such cynical evasion of the rules.

Plaintiffs' violation of the spirit and express language of the Court's rules is highlighted by the following three examples: (1) Plaintiffs submit a single exhibit ("Exhibit 1" to the declaration of Plaintiffs' counsel Tiseme Zegeye) that they concede consists of "108 unique documents cited in Plaintiffs brief." Tiseme Dec. ¶ 6. Calling this combination of 108 unique documents a single exhibit does not make it so -- these are clearly 108 unique exhibits. Further, the total page count of this single exhibit is more than 1,300 pages, far in excess of the Court's limit of 15 pages. (2) Ms. Zegeye also combines the deposition excerpts of 35 separate depositions into a single "Exhibit 4" that totals 545 pages. *Id.* ¶ 9. (3) Moreover, Plaintiffs' Counsel Kate Mueting excerpts the interrogatory responses from 176 unique Opt-in plaintiffs but instead of each excerpt being an exhibit as Your Honor's rule provide, Plaintiffs combine all of the excerpts into a single "Exhibit A" totaling 87 pages. Mueting Dec. ¶ 4.

While Plaintiffs played fast and loose with any ordinary understanding of what constitutes an "exhibit," they fought to severely limit the number of declarations KPMG may submit to counter their voluminous submission. As a result, as matters currently stand, Plaintiffs have submitted sworn testimony from nearly 200 putative class members (Opt-ins and Named Plaintiffs) – much of it inadmissible due to an utter lack of foundation, rank speculation or hearsay, or other deficiencies.[2]  Yet KPMG is limited to 30 declarations *total*, which means as a practical matter it is limited to approximately 10 declarations from putative class members. KPMG is entitled to know what the rules are before submitting its opposition papers. For example, if Plaintiffs are permitted to combine 176 unique sworn responses from parties or other witnesses into a single exhibit, KPMG likewise should be allowed to combine excerpts from 176 unique sworn statements into a single exhibit of unlimited length.[3]

KPMG respectfully requests that the Court Order Plaintiffs to revise their brief and exhibits to comply with the Court's Orders, as set forth in the attached draft order.

---

[2] KPMG reserves all of its rights as to Plaintiffs' brief and related submissions, including without limitation a potential motion to strike.

[3] If Plaintiffs' approach is proper, KPMG would consider producing (not submitting) additional declarations (beyond the 30 to be submitted with its opposition brief) in discovery, and would understand based on Plaintiffs' approach that it could simply submit excerpts thereof as a combined exhibit with a declaration from counsel.

# SIDLEY

Honorable Lorna G. Schofield
February 6, 2018
Page 3

Respectfully Submitted,

Colleen M. Kenney

CC: All Counsel of Record, via email