**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/18

February 12, 2018

Rachel Geman
Partner
rgeman@lchb.com

<u>VIA ECF</u>

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

A telephone conference will be held on February 21, 2018, at 11:00 a.m. to discuss these issues.

Dated: February 13, 2018
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

      RE:    <u>Kassman et al. v. KPMG, LLP</u>, No. 11 Civ. 3743 (LGS)

Dear Judge Schofield:

      We represent Plaintiffs and the proposed class in this matter and respectfully write in response to KPMG's Feb. 9, 2018 letter. Dkt. No. 728. Dr. Vekker complied with this Court's Order, timely producing the program that was responsive to the Order and more-than-fully responded to the questions. KPMG's new attempt to obtain information *beyond* the scope of the Order, misleadingly styled as a request for metadata (and as a request for information it assumes must be related to the relevant analysis), should be rejected.

      **Dr. Vekker's Responses and Production:** On February 1, 2018, Dr. Vekker described the analysis of base pay that was arguably responsive to the questions, and produced that analysis. As the responses stated:

> *Did you ever conduct analyses of base pay (in whole or in part) by job title or level?*
>
> Out of an abundance of caution, I am producing the single analysis that could theoretically be responsive. This is an analysis of base pay by job, although for a broader group of people than the class and not with exactly the same job categories as in my 2017 analysis, for the period 2008 to 2013.

Dr. Vekker Response, at 1 (Question 1). In response to the question about the status of the files, Dr. Vekker explained as follows:

> *If you ran but did not retain your files and programming for one or more of the above analyses, identify the date you ran and the date you deleted or otherwise destroyed the programming and files.*

Honorable Lorna G. Schofield
February 12, 2018
Page 2

  I have not deleted or destroyed any programming files, and I have searched my emergency hard drive backup for responsive analyses. As KPMG updated its data productions, intermediate data files were automatically over-written to reflect the updated data. Consequently, the intermediate data files loaded for the analysis described in my response to Question 1 can be re-created using commands contained within the programming file.

  The programming and output files that Plaintiffs have produced for the base pay analysis described in my response to Question 1 have been redacted to remove non-responsive analyses. Such redaction creates updated meta-data. The original "file name" and "date modified" fields of the programming and output files are as follows:

|  | *Programming File* | *Output File* |
|---|---|---|
| *File Name* | analysis_report 111714.do | analysis_report 111714.log |
| *Date Modified* | 2/3/2015 5:21 p.m. | 2/6/2015 1:54 a.m. |

Dr. Vekker Response, at 1-2 (Question 4). Dr. Vekker thus fully complied with the Order. KPMG is now making broader requests for additional information and metadata, speculating that there could be information in Dr. Vekker's program file related to the arguably responsive analysis and that Dr. Vekker's redactions for non-responsive material contained "hidden" pay or promotion analysis by cost center. There is no basis for this false speculation, especially given that Dr. Vekker has explained why analysis by cost center would be unsound.[1] Further, the redactions do not relate to the Court-ordered analysis, and were appropriate to comply with the Court's Order. This is not close to a dispute about what "related" means: This is a simple case of redacting for non-responsive material, as KPMG has done many times in this case in its own production (and, again, it must be underscored that Dr. Vekker has provided more information to KPMG than Plaintiffs have received from KPMG's expert).

  KPMG has also argued that Dr. Vekker should not have redacted non-responsive information from his program file because doing so automatically updates the metadata for the file. This would render the Court's order meaningless; it is a tail-wags-dog position. KPMG cannot obtain more than it asked about at deposition, more than it had met and conferred about, and more even than the scope of requests that formed this Court's Order.

---

[1] Plaintiffs will not use this forum to respond to the bulk of KPMG's letter, in which KPMG prematurely defends the flawed analysis it intends to present in this case.

1506137.2

Honorable Lorna G. Schofield
February 12, 2018
Page 3

Indeed, as Plaintiffs explained in responding to KPMG, this Court ordered responses to specific questions about specific types of analysis.  The Court did not give KPMG the right to obtain non-responsive information.  Plaintiffs went above and beyond even the Court's earlier ESI order, which reflected the unremarkable point that metadata automatically updates when a file is redacted—and, notably, the ESI order ***does not even require metadata for redacted files.***  Dkt. No. 89 § 11(m) (ESI Order).

In order to avoid inefficient motion practice, Plaintiffs offered to KPMG that "[i]f you have specific questions about metadata (assuming such questions are about [] the analysis at issue, rather than any attempted end-run of the Court's order), please be as specific as possible and we will seek to address them."  February 5, 2018 Email from Rachel Geman.  Rather than respond, KPMG elected not to meet and confer, and filed its letter.

**Dr. Vekker's Answers and Production Complied with the Court's Order, and KPMG's Suggestion Otherwise is Misplaced:**  Dr. Vekker's response is the result of a search of his programing and computer archive files from many years ago.  KPMG is not claiming that it cannot analyze the responsive material produced.  Likewise, metadata *was* produced and the updated fields were identified in the response, and no additional questions regarding metadata came from KPMG.  Instead, KPMG argues that redactions to comply with the Court's Order are categorically wrong—*i.e.*, that it is entitled to any and all analyses *whether or not remotely responsive to any Court Order*, and even though KPMG has not produced and is not producing the equivalent data for its expert.  But the Court did not order the production of all information contained within Dr. Vekker's program files just because various operations happen to be in the same file any more than the Court would order an entire file cabinet be produced: The Court ordered Dr. Vekker to produce analysis, if any, that was responsive to specific questions.

This Court should thus deny KPMG's request to discover brand-new, un-responsive information.  KPMG may be disappointed that Dr. Vekker's testimony at his deposition turned out to be 100% correct: Dr. Vekker did not run, and rejects as unsound, a disaggregated analysis by job and by year; but that as to alternative other analyses, he did not remember from many years ago what he may have run through the many stages of the case leading up to the 2017 expert reports.  However, that is not a basis to further re-open closed discovery, move goal-posts, and invade Rule 26's protections.

Respectfully submitted,

*/s/ Rachel Geman*
Rachel Geman

1506137.2