# SIDLEY

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036

AMERICA • ASIA PACIFIC • EUROPE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/2/18

February 9, 2018

**VIA ECF**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York

Re: *Kassman v. KPM*

Dear Judge Schofield:

> Upon ex parte review of unredacted versions of the documents at issue, which have been designated "ATTORNEY EYES ONLY" under the protective order in this case, as well as Plaintiffs' explanation of the contents of the documents, it is hereby ORDERED that Plaintiffs need not produce unredacted versions of these documents to Defendant.
>
> Dated: March 2, 2018
> New York, New York
>
> *[signature]*
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

    KPMG LLP ("KPMG") respectfully requests a pre-motion conference because Plaintiffs have failed to comply with the Court's January 25, 2018 discovery order regarding analyses performed by their expert, Dr. Vekker. (Dkt. 723). The Court Ordered Dr. Vekker to "produce ***all*** information, including files, programming and results, ***with the original metadata***, for any analysis ***relating*** to the questions" KPMG asked regarding alternate analyses performed by Dr. Vekker. (Dkt. 723) (emphasis added). While Dr. Vekker produced certain programming on February 1, 2018, rather than produce "all information," he altered his program file by redacting it in three separate places, thus also altering the original metadata. Further, instead of producing the program file with the original metadata as ordered, Dr. Vekker instead described certain of the metadata fields (last date run) in his interrogatory response. In a subsequent meet-and-confer, Plaintiffs' counsel tried to justify Dr. Vekker's redaction of information from a responsive file by asserting that Dr. Vekker did it to *comply* with the Court's Order because the Court "ordered responses about specific types of analysis." KPMG believes that the Court's Order that Plaintiffs produce, with the original metadata, "all information . . . relating" to the questions asked means precisely what it says.

    After equivocating at his deposition, Dr. Vekker admitted that he prepared an analysis that was related to only one of the questions KPMG asked. We also now know from Dr. Vekker's interrogatory response that the responsive "related" data was included in the very same program file as the data he redacted. He was, therefore, obligated by this Court's order to produce "all information, including files, programming and results" regarding that analysis, and cannot selectively redact parts of it. His failure to do so violates the Court's order, as does his failure to produce those program files with the original metadata.

    The redaction of a responsive program strongly suggests that Plaintiffs are still hiding something. Dr. Vekker's program file reveals that one of his redactions occurs in the same line of code in which Dr. Vekker incorporates KPMG cost center information into his programming. A cost center is one way that KPMG describes more specialized practice areas within KPMG. Dr. Vekker's "official" expert report did not present his results by cost center or other practice area, but rather did so at a highly aggregated function-wide level (*e.g.*, across each of Advisory and Tax as a whole), without even controlling for practice or cost centers. Again, one of KPMG's fundamental arguments is that Dr. Vekker ran his regressions at this high level of aggregation to mask inconsistencies and a lack of uniformity in his results across cost centers and other practice

Honorable Lorna G. Schofield
February 9, 2018
Page 2

areas, which belies Plaintiffs' claims of a "pattern and practice" of discrimination that can support certification.[1] Dr. Vekker claimed at his deposition that he had not controlled by cost center "at any point." However, the proximity of Dr. Vekker's redaction from his programming code to the code incorporating cost center data into his program file suggests that he *did* control by cost center, and he has simply chosen not to produce that information. Either way, any such analysis in the very same program file clearly is "related" to the questions that KPMG asked, and must be produced.

      This is no trivial concern. Controlling for cost center impacts the alleged statistical disparities in compensation and promotions. If, as KPMG suspects and Dr. Vekker's programming appears to indicate, Dr. Vekker *did* control for cost center and his analyses reflected no statistically significant disparities or reflected inconsistent results (*e.g.,* a mix of significant and insignificant results), that would be highly relevant (and would explain why Plaintiffs redacted this analysis). KPMG has been seeking discovery on Dr. Vekker's alternate analyses since his deposition. Plaintiffs' repeated failure to produce the requested information—despite the Court's order—continues to prejudice KPMG's ability to fully analyze the statistical approach Dr. Vekker employed.

      It is not up to Plaintiffs to self-determine what "related" means. Given their history here, Plaintiffs cannot withhold production per the Court's Order based on unexplained and potentially distorted view of "relatedness." This is precisely why KPMG requested, and the Courted Ordered, Plaintiffs produce *all* information relating to any analysis with original (*i.e.* unredacted) metadata. Accordingly, KPMG respectfully requests that the Court Order Plaintiffs to comply with the Court's Order of January 25, 2018 and produce Dr. Vekker's programming in unredacted form with its original metadata immediately and produce any analysis, information, programing or files relating in any way to analyses of base pay or total compensation (in whole or in part) by job title or level, or promotions (in whole or in part) by year.

                                    Respectfully Submitted,

                                      Colleen M. Kenney

cc: Counsel via ECF

---

[1] Dr. Vekker's two other redactions also raise concerns. One occurs immediately before a line of code that runs the regression analysis that Dr. Vekker says is responsive to the questions posed by KPMG. The other occurs after an exit command but before the log file is closed which is very unusual.