

**Sanford Heisler Sharp, LLP**
1666 Connecticut Avenue NW, Suite 300
Washington, D.C. 20009
Telephone: (202) 499-5200
Fax: (202) 499-5199
www.sanfordheisler.com

*Kate Mueting*, Partner
(202) 499-5206
kmueting@sanfordheisler.com          New York | Washington D.C. | San Francisco | San Diego | Nashville | Baltimore

July 20, 2018

**VIA CM/ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Kassman v. KPMG LLP*, Civ. No. 11-cv-3743 (LGS)

Dear Judge Schofield:

    The Parties submit this joint status letter in accordance with this Court's Order at Docket No. 640.

    In accordance with Docket Nos. 757 and 759, hearings will be held on August 2, 2018 and August 8, 2018. The Parties will provide the Court with an overview of the arguments and evidence relevant to class and collective certification on August 2, 2018, and will provide the Court with an overview of the arguments and evidence relevant to the Daubert motions on August 8, 2018. Pursuant to this Court's Order at Docket No. 757, the hearings will serve as preliminary overviews and the parties will not assume that the Court will have any familiarity with the motion papers. To that end, the Parties anticipate using visual presentation aids. The Parties agree that neither party shall present demonstrative exhibits that reference any document(s) or deposition testimony that were not submitted as part of the certification-related briefing. KPMG's position is that if a party uses any demonstrative aid that references any document(s) or deposition testimony that was submitted as part of the certification-related briefing, but that is not itself a document or deposition testimony previously submitted to the Court in certification-related briefing (or an excerpt from a single such previously submitted document or previously submitted deponent's deposition testimony), the Parties must exchange such demonstrative aid(s) no later than July 30, 2018. KPMG respectfully requests the Court's instruction regarding that issue given the impending August 2 hearing. Plaintiffs' position is that an advance exchange is unnecessary given that the Parties are not introducing any new evidence and the hearing is purely to answer the Court's questions. The Parties have agreed the demonstratives used in the preliminary overview will not include any documents or deposition testimony not already submitted as part of the certification-related briefing—in other words, the demonstratives will not contain anything new. Furthermore, as this Court has recognized, attorney work-product need not be shared with opposing counsel unless and until it is used. *See* Dkt. 636 at 14. Therefore, Plaintiffs object to the imposition of a needless additional deadline for finalizing any demonstratives. Nevertheless, in the spirit of compromise, Plaintiffs have agreed to provide KPMG

Honorable Lorna G. Schofield
July 20, 2018
Page 2

with any demonstratives no later than 10:00 a.m. ET the morning of the preliminary overview hearing on class certification.

Additionally, per this Court's Order at Docket No. 755, the Parties are meeting and conferring on redactions relating to KPMG's Motion to Strike Plaintiffs' Declarations. Pursuant to Paragraph 10 of the Protective Order at Docket No. 86 and the Parties' agreement, the Parties will also meet and confer on proposed redactions on their confidentially designated information included in the class certification, Daubert, and other related filings. Upon completion of the meet and confer, the Parties agree to file a single letter motion to the Court concerning proposed redactions of confidential information. Plaintiffs believe that the meet and confer process will be complete by August 17, 2018, while KPMG believes it will take until August 31, 2018. The Parties agree that there is no reason to delay filing everything on the public docket once the Parties have met and conferred and the Court has ruled on redactions.

Finally, KPMG's position is that if the Court does not strike Dr. McGowan's report, that KPMG will file a Daubert motion related to Dr. McGowan (as Plaintiffs previously agreed). KPMG is awaiting the Court's decision on KPMG's Motion to Strike Plaintiffs' expert Dr. Robert McGowan to determine if Daubert briefing on McGowan is necessary. KPMG's position is that if the Court strikes Dr. McGowan's report because Plaintiffs have submitted it but are not relying on it in certification briefing (Plaintiffs apparently intend to submit it during merits briefing, should that occur), then KPMG will not need to file a Daubert brief until Plaintiffs actually rely on the report and KPMG understands how Plaintiffs intend to rely on this report.

Plaintiffs note, as they explained in their Reply brief, that they submitted Dr. John McGowan's rebuttal report as common evidence contradicting KPMG's assertion that each one of its employees performs unique work. *See* Pls.' Reply at 27 (noting that Plaintiffs will provide industry expert testimony that contradicts KPMG's misstatement "that each employee performs unique work"). KPMG disputes the foregoing characterization of their Reply brief, and notes that the totality of Plaintiffs' discussion of the McGowan report in their Reply brief was in footnote 63 on page 27 of that brief: "Additionally, at the merits stage, Plaintiffs will provide industry expert testimony. *See generally* Rebuttal Report of John R. McGowan, Ph.D., CPA (Sept. 29, 2017) (testifying there are many consistencies in the work performed by KPMG employees in the same function and level)." Plaintiffs disagree with KPMG's misstatement of their Reply brief.

Plaintiffs also note that KPMG has already submitted its briefing seeking to strike Dr. McGowan. While Plaintiffs agreed to meet and confer on a Daubert schedule for Dr. McGowan if Plaintiffs submitted his report to the Court with their Reply brief, KPMG chose not to meet and confer or file a Daubert motion and instead filed a motion to strike. Plaintiffs did not agree KPMG could file two motions to strike Dr. McGowan, and KPMG should not be allowed to do so, as KPMG has failed to meet the Court's orders or the good faith offer of Plaintiffs' Counsel, and additional briefing may result in further delay.

**Error! Unknown document property name.**

Honorable Lorna G. Schofield
July 20, 2018
Page 3

      Please let us know if there is additional information the Parties could provide that would be helpful to the Court.

                Respectfully Submitted,

                *Kate Mueting*, Counsel for Plaintiffs
                *Colleen M. Kenney,* Counsel for KPMG

CC: All Counsel of Record, via ECF