**Lieff**
**Cabraser**
**Heimann &**
**Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

September 20, 2018

Kelly M. Dermody
Partner
kdermody@lchb.com

<u>VIA ECF</u>

Hon. Lorna G. Schofield
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY  10007

RE:   *Kassman, et al. v. KPMG LLP*, 11-cv-03743-LGS (S.D.N.Y.)

Dear Judge Schofield:

I write on behalf of Plaintiffs in the above-referenced case to provide supplemental authority in support of Plaintiffs' pending motion for class certification. Please find enclosed the Ninth Circuit's September 20, 2018 Order granting the Rule 23(f) petition filed by Plaintiffs in which Plaintiffs requested to appeal the order of the district court denying class certification in *Moussouris v. Microsoft Corp.,* No. 15-cv-1483, 2018 WL 3584701 (W.D. Wash. July 11, 2018). As the Court is aware, KPMG relied on the district court's order, for which Plaintiffs' Rule 23(f) petition was already pending, in support of its opposition to Plaintiffs' pending motion for class certification. *See* KPMG's July 12, 2018 Notice of Supplemental Authority, ECF No. 764. KPMG also relied on the district court's order at oral argument before this Court, and Plaintiffs argued it was wrongly decided. *See* August 2, 2018 Hr'g Tr. 71:2-72:4, 118:7-12.

Please let us know if there is any additional information Plaintiffs can provide that would be helpful to the Court.

Respectfully submitted,

Kelly M. Dermody

1625585.1

San Francisco          New York          Nashville          Seattle          www.lieffcabraser.com

|  |  |
|---|---|
| UNITED STATES COURT OF APPEALS<br><br>FOR THE NINTH CIRCUIT | **FILED**<br><br>SEP 20 2018<br><br>MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| KATHERINE MOUSSOURIS; et al.,<br><br>        Plaintiffs-Petitioners,<br><br> v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant-Respondent. | No.   18-80080<br><br>D.C. No. 2:15-cv-01483-JLR<br>Western District of Washington,<br>Seattle<br><br>ORDER |

Before: HAWKINS and N.R. SMITH, Circuit Judges.

Petitioners' motion for leave to file a reply in support of the petition for permission to appeal (Docket Entry No. 22) is granted. The Clerk shall file the reply submitted as an exhibit to Docket Entry No. 22.

The court, in its discretion, grants the petition for permission to appeal the district court's June 25, 2018 order denying class action certification. *See* Fed. R. Civ. P. 23(f); *Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005). Within 14 days after the date of this order, petitioners shall perfect the appeal in accordance with Federal Rule of Appellate Procedure 5(d).

The motion to file the petition for leave to appeal ("Petition"), the order denying class certification ("Order"), and exhibits in Volume II ("Vol. II") under seal (Docket Entry No. 2) is granted for the purposes of this petition. *See* Interim 9th Cir. R. 27-13. The Clerk shall maintain the Petition, the Order, and Vol. II

MBI/MOATT

under seal in this petition. This order neither seals nor unseals any documents which may be submitted in the perfected appeal.

If petitioners or respondent move to seal documents in the perfected appeal, the party or parties on whose behalf sealing is sought shall:

(1) In the new sealing motion or the response thereto, provide additional justification for sealing the following categories: "Confidential Human Resources Strategy;" "Confidential Diversity Initiatives, Strategy, and Representation;" and "Office of Federal Contract Compliance Programs." *See* Resp. to Pet'rs' Mot. to Seal at 9, 12. The additional justification should include case citations addressing these specific categories.

(2) Include the chart attached to respondent's Response to Petitioners' Motion to Seal, *see* Resp. to Pet'rs' Mot. to Seal, App. A, with the addition of a column providing the text that was redacted from the page at issue.

(3) In any sealed document, highlight or underline the information that was redacted from the corresponding publicly filed document.

The parties are reminded that "[t]his Court has a strong presumption in favor of public access to documents," and any sealing motion "shall request the least restrictive scope of sealing." *See* Interim 9th Cir. R. 27-13(a), (c).