USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                  :
DONNA KASSMAN, et al.,                   :
                       Plaintiffs,  :
                                        :          11 Civ. 3743 (LGS)
          -against-                :
                                        :          **OPINION AND ORDER**
KPMG LLP,                                :
                       Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Plaintiffs move for reconsideration of the Court's November 30, 2018, Opinion and Order denying their motion for class certification (the "Class Certification Order"), *Kassman v. KPMG LLP*, No. 11 Civ. 3743, 2018 WL 6264835 (S.D.N.Y. Nov. 30, 2018). For the reasons discussed below, the motion for reconsideration is denied. Familiarity with the underlying facts and the Class Certification Order is assumed.

**I.    STANDARD**

       "A motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). The standard "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Id.* (internal quotation marks omitted). The decision to grant or deny a motion for

reconsideration rests within "the sound discretion of the district court." *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 595 (S.D.N.Y. 2018).

## II. DISCUSSION

Plaintiffs seek reconsideration based on a "clear factual error." In Plaintiffs' view, the Class Certification Order failed to account for Dr. Vekker's rebuttal analysis, which found statistically significant gaps in pay and promotions when controlling for Service Line assignment. Plaintiffs assert that the Court determined the relevant level of decision-making to be the Service Line. Consequently, they argue, the Court made "numerous erroneous findings that affect all aspects" of the Class Certification Order.

Contrary to Plaintiffs' assertions, Dr. Vekker's rebuttal analysis was not overlooked. The Court did not explicitly address every argument made by the parties in their briefing; doing so would have added considerable length to an already lengthy opinion. It is plain that Dr. Vekker's analysis was implicitly rejected in the Court's holding that the "[t]he relevant level of decision-making for the challenged practices here remains at the practice-area level." *Kassman*, 2018 WL 6264835, at *21; *accord id.* at *4 ("Assessment of employees' performance takes place mainly at the practice area level."); *id.* at *22 ("[C]ompensation and promotion decisions are . . . left to the discretion of practice area leaders . . . ."); *id.* at *26 ("[A]lthough KPMG set generally applicable guidelines, individual pay and promotion decisions were left to the discretion of local practice area leaders."); *see also id.* at *21 ("Dr. Vekker's finding of disparity may be attributable to only a small set of KPMG decision makers at the practice-area level, and cannot by itself establish the uniform . . . disparity upon with the Plaintiffs' theory of commonality depends." (citations and alterations omitted)). There is no warrant for Plaintiffs' contention that

"the Court viewed the level of decision-making to be at the Service Line." As the Class Certification Order held, Dr. Vekker's analysis failed to "conform[] to the level of decision for the challenged practices." *Ellis v. Costco Wholesale Corp.*, 285 F.R.D. 492, 523 (N.D. Cal. 2012).[1]

Because Plaintiffs have not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth*, 729 F.3d at 104, the motion for reconsideration is **DENIED**. Plaintiffs' request that the Court withdraw the Class Certification Order pending decision on this motion is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motion at Docket No. 837.

Dated: December 21, 2018
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[1] In their reply, Plaintiffs reiterate, "the Court concluded that '*Service Line*, rather than gender, accounts for any pay and promotion disparities,'" quoting from page 47 of the Class Certification Order. The Court reached no such conclusion. The referenced paragraph assesses the implications of Dr. Bloom's report but does not rely on it for the Court's holding, because Plaintiffs bear the burden of demonstrating the requisite commonality. To the extent Plaintiffs argue that Dr. Bloom also failed to analyze at the practice-area level, this makes little difference. Any deficiency in Defendant's expert report brings Plaintiffs no closer to meeting their burden. Because the relevant level of decision-making is the practice-area level, Dr. Vekker's analysis fails to "establish the uniform . . . disparity upon which the [P]laintiffs' theory of commonality depends." *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 357 (2011).