USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/25/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**DONNA KASSMAN, SPARKLE PATTERSON, JEANETTE POTTER, ASHWINI VASUDEVA, TINA BUTLER, CHERYL CHARITY, HEATHER INMAN, NANCY JONES AND CAROL MURRAY, et al,**

   **Plaintiffs,**

   -against-

**KPMG LLP,**

   **Defendant.**

11-CV-3743 (LGS)

[PROPOSED] ORDER CONCERNING OPT-IN PLAINTIFF FACT SHEETS

---

## [PROPOSED] ORDER

LORNA G. SCHOFIELD, District Judge:

WHEREAS, by Opinion and Order dated September 4, 2015, the Court granted Plaintiffs' Motion to equitably toll the statute of limitation on the conditionally certified Equal Pay Act collective's Equal Pay Act ("EPA") claims "from March 16, 2012" with willful claims "running back to March 16, 2009, [] therefore deemed timely" (Dkt. 413);

WHEREAS, by Opinion and Order dated December 19, 2018, the Court granted Plaintiffs' Motion to toll the "Equal Pay Act statute of limitations for individual Opt-In Plaintiffs [] for 120 days following the Opinion and Order denying Plaintiffs' motion for class certification (*i.e.* to March 30, 2019)" (Dkt. 853);

WHEREAS, by Opinion and Order filed November 30, 2018, the Court denied Plaintiffs' motion for final certification of a collective under the EPA, as to the approximately 1,100 Opt-In Plaintiffs. (Dkt. 831). The Opt-In Plaintiffs have not yet been dismissed from this action.

WHEREAS, at a conference held on January 17, 2019, Plaintiffs' counsel stated their intention "to proceed with individual claims of the Opt-In Plaintiffs in this jurisdiction," (Dkt. 860 at 7), but have not filed individual Complaints or motions in that regard;

WHEREAS, in the parties' joint letter dated February 7, 2019, KPMG stated its "willing[ness] to compromise and agree to a procedure that allows a FOIP [Former Opt-In Plaintiff] to continue to prosecute her claims in this Court without filing a Complaint if such FOIP submits a verified Fact Sheet," and its "willing[ness] to agree that the EPA limitations period can be further tolled on an individual basis for any FOIP who timely serves a properly completed Fact Sheet, as detailed in the enclosed [Dkt. 859-1] proposed Order and Fact Sheet." (Dkt. 859);

WHEREAS, this Court Ordered at Docket No. 862 that "the parties shall file a joint proposed Order and Opt-In Fact Sheet"; and

WHEREAS, the parties have submitted a joint proposed Order and Opt-In Fact Sheet;

It is hereby ORDERED that:

**I.    Fact Sheets**

The form of Former Opt-In Fact Sheet ("Fact Sheet") that shall be used is attached as Exhibit A. In accordance with the schedule set forth in Section II below, as to every Former Opt-In Plaintiff who intends to continue in good faith to prosecute her EPA claim in this Court without filing a Complaint:

1. Such person shall complete and execute a verified Fact Sheet;

2. At least one attorney of record shall sign the Fact Sheet pursuant to Federal Rule of Civil Procedure 11;

      3.      Plaintiffs' Counsel shall serve the completed, verified and executed Fact Sheet upon counsel for KPMG in the manner described in Section III below; and

      4.      A verified Fact Sheet signed by the Former Opt-In Plaintiff and counsel shall act in all respects as if it were a filed Complaint in this Court.

## II. Deadline for Service of Fact Sheets

A. In order to further toll the statute of limitations as to an Opt-In Plaintiff's individual EPA claims ("Tolled Claims"): (1) each Opt-In Plaintiff who intends in good faith to continue to prosecute her individual EPA claim shall either (a) no later than April 30, 2019 file a Complaint in an appropriate jurisdiction; or (b) no later than April 19, 2019 complete and execute a verified Fact Sheet; and (2) Plaintiffs' Counsel shall serve the verified Fact Sheet upon KPMG in accordance with the procedures set forth in Section III below no later than April 30, 2019.

B. For any Opt-In Plaintiff that does not meet deadlines set forth in A. above:

      1.      The statute of limitations shall begin to run as of April 30, 2019;

      2.      The tolling of the statute of limitations previously Ordered by this Court at Dkt. 413 shall no longer apply (but this shall not preclude a motion by the Opt-In Plaintiff for tolling of the statute of limitations based on her individual circumstances); and

      3.      With respect to any Opt-In Plaintiff who failed either to file timely a Complaint or to serve timely a verified Fact Sheet signed by Counsel (an "Untimely Opt-In"), Plaintiffs' Counsel shall have until May 6, 2019 to notify KPMG's Counsel in writing if they believe that there is good cause to warrant a further extension of time as to that particular Untimely Opt-In prior to the dismissal by this Court of her EPA claim:

      a. As to any Untimely Opt-In for whom Plaintiffs' Counsel does not timely serve

such a notice upon KPMG, KPMG shall notify the Court no later than May 20, 2019 as to all such Untimely Opt-Ins, and their EPA claims shall be dismissed without prejudice.

b. As to any Untimely Opt-In for whom Plaintiffs' Counsel does timely serve such a notice upon KPMG, the Parties shall meet and confer no later than May 17, 2019 to determine whether they agree that there is good cause to warrant a further extension of time as to that particular Untimely Opt-In prior to the dismissal by this Court of her EPA claim.

c. If the Parties so agree that such good cause exists as to a given Untimely Opt-In, she shall have until such date as the Parties agree to complete and serve upon KPMG her Fact Sheet signed by Plaintiffs' Counsel and proceed in accordance with this Order.

d. If the Parties disagree as to a given Untimely Opt-In, the Parties shall, no later than May 31, 2019, notify the Court of such Untimely Opt-Ins, and of the fact that the Parties disagree after meeting and conferring as to whether a good cause exists for a further extension of such Untimely Opt-In's Fact Sheet service deadline. The Plaintiffs shall also submit a letter explaining the basis for their claim that the Untimely Opt-In had good cause for a further extension of the Fact Sheet service deadline. KPMG shall have one week (until June 7, 2019) to file its response.

C.  After April 30, 2019, any Former Opt-in Plaintiff that wishes to prosecute her claims in good faith may file a Complaint in an appropriate court, however, the statute of limitations on her EPA claim will resume running as of April 30, 2019. Under such circumstances where an Opt-In Plaintiff fails to file a Complaint or serve a Fact Sheet by April 30, 2019, the tolling of the statute of limitations previously Ordered by this Court at Dkt. 413 shall no longer apply (but this shall not preclude a motion by a former Opt-In Plaintiff for tolling of the statute of

limitations based on her individual circumstances).

D.     Nothing in this Order shall be deemed to limit the Parties' rights, claims, or defenses, including with respect to proceeding in discovery, engaging in motion practice or in any other way.

### III.    Service of Fact Sheets

Plaintiffs' Counsel shall serve upon KPMG the verified, completed, and executed Fact Sheets by uploading them to Sidley Austin LLP's Secure File Transfer Site, in a zip file as follows or in a similar fashion: Top folder named for plaintiff in the format: Last Name_First Name.

### IV.    Status Letter

On May 31, 2019, the parties shall file a joint letter and proposed Order regarding status, including the status of the serving of Fact Sheets or filing of Complaints by FOIPs and whether the Parties believe that the appointment of a Special Master pursuant to Federal Rule of Civil Procedure 53 would be helpful.

**SO ORDERED**.

Dated:  February 25    , 2019
New York, New York

                                            LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE

**Exhibit A: Proposed Fact Sheet**

**IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK**

**FACT SHEET**

You are receiving this Fact Sheet pursuant to a Court Order in the *Kassman et al. v. KPMG* matter, because you filed a consent to join the Equal Pay Act ("EPA") collective action. The Court has Ordered that the Opt-In Plaintiffs in this matter may not litigate their Equal Pay Act ("EPA") claims on a collective basis. KPMG has stated its willingness to follow a procedure that allows you to continue, in good faith, to prosecute your EPA claim on an individual basis as a Named Plaintiff in this Court without filing a Complaint, and without needing to institute a new lawsuit in this Court or another Court, should you choose to do so.

If you wish to continue to prosecute an EPA claim in good faith in this Court without filing an individual Complaint, you must timely complete and certify the enclosed Fact Sheet. If you do not: (1) submit this form to Plaintiffs' Counsel by April 19, 2019 and have your Counsel serve this form on KPMG by April 30, 2019, or (2) file a Complaint on your own with other counsel by April 30, 2019, your EPA claim will be dismissed from this Court without prejudice and this Court's prior Order on tolling, in Docket 413, shall no longer apply (but this does not preclude a motion by you to toll the statute of limitations based on your individual circumstances).

Please fill out the information below. If you are completing this Fact Sheet in a representative capacity on behalf of someone who has died or who otherwise cannot complete the Fact Sheet due to incapacity, please answer as completely as you can for that person. With the exception of question 5, those questions using the term "You" refer to the person who was employed at KPMG.

**Please attach as many sheets of paper as necessary to fully answer these questions. If you are answering in handwriting, please use black or blue ink and print your responses legibly.**

In completing the Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge. If you cannot recall all of the details requested or you do not have all of this information, you may still submit your Fact Sheet, but please provide as much information as you can. You must supplement your responses if you learn that they are incomplete or incorrect.

You may alternatively seek to pursue your claims on your own or with other counsel. If you chose to continue to prosecute your individual EPA claim against KPMG in this Court without filing an individual Complaint, you must submit this form to Plaintiffs' Counsel (Sanford Heisler Sharp and Lieff Cabraser Heimann and Bernstein) via email at kpmgclassaction@sanfordheisler.com, fax at 202-499-5199, or U.S. Mail to 700 Pennsylvania Avenue Southeast, Suite 300, Washington, D.C. 20003, postmarked no later than **April 19, 2019**.

**I.**     **Individual Information**

1. **Full Name:** _____
                    Last                                   First                               Middle Initial

2. **Other Names Used:** _____

3. **Date of Birth (MM/DD/YYYY):** _____

4. **KPMG Employee ID Number (if known)**: _____

5. **If you are completing this Fact Sheet in a representative capacity on behalf of the estate of a deceased or incapacitated person, please complete the following for yourself:**

   a. **Name**: _____

   b. **Address:** _____
                     No.                Street Name              Apt. No.
      _____
                     City                State                Zip Code

6. **Have you filed a lawsuit against KPMG or filed a Consent to Join form in a lawsuit against KPMG other than filing a Consent to Join form in Kassman v. KPMG?**
   ___ Yes     ___ No

   **If Yes**, please provide additional details you have, including any details you may have on the Court in which you brought suit or filed your consent to join, the date of the filing, and the case number.

   _____

   _____

7. **Have you ever filed a charge or claim related to your employment at KPMG with the Equal Employment Opportunity Commission (EEOC) or an equivalent state or local agency**? **Yes:** ___ **No:** ___

   **If Yes**, please provide additional details you have, including any details you may have on the name of the agency with which you filed and the date of your filing.

_____

_____

8. **Have you ever filed for bankruptcy**? **Yes:** ___ **No:** ___

   **If Yes**, please provide additional details you have, including any details you may have on the Court in which you filed and the date of your filing.

   _____

   _____

II.  **EPA Claim and Damages Alleged in this Lawsuit**

1. **Are you claiming that you received less compensation because of your gender than one or more male KPMG employees who did substantially equal work to you? For purposes of your response, "substantially equal work" means work requiring substantially equal skill, effort, and responsibility, and which is performed under similar working conditions in the same establishment. The term "establishment" in the EPA refers to a distinct physical place of business rather than to an entire business or enterprise which may include several separate places of business. However, unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment. For example, a central administrative unit may hire all employees, set wages, and assign the location of employment; employees may frequently interchange work locations; and daily duties may be virtually identical and performed under similar working conditions.**

   Yes \_\_\_ No \_\_\_

   **If Yes**, please: identify each male (full name, if possible) that you are aware did equal work to you; the time period you and he did equal work; why you understand that you performed equal work to each such male; and whether you believe you were paid less than each such male because of your gender. You may work with Plaintiffs' Counsel (who has KPMG's payroll data) to provide this information.

   _____

   _____

2. **If your answer to the foregoing question is Yes, are you also claiming that KPMG acted willfully in paying you less compensation than one or more males for equal work because of your gender? You may consult with Plaintiffs' Counsel in answering this question. Yes: \_\_\_\_ No: \_\_\_\_**

   **If Yes**, please explain why as best you can, if possible. Your failure to provide detailed information does not prevent you from submitting this Fact Sheet but may affect the period of time for which you may collect damages.

   _____

   _____

3. **Do you claim that you suffered any damages as a result of KPMG's alleged EPA violation? Yes: \_\_No: \_\_**

**If Yes**, please state the damages you intend to seek. While Plaintiffs' Counsel may provide additional information based on KPMG's payroll data, if you have any information on the damages you are seeking, please include that here. Your failure to provide this information does not prevent you from submitting this Fact Sheet:

_____

_____

**III.    Declaration Under Penalty of Perjury**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the information provided in this Fact Sheet is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry.

Date:_____Signature: _____

**V.    Damages (may be completed by Counsel)**

**State below the categories and best estimates of the amounts of damages claimed, so that KPMG can reasonably understand the damages sought:**

_____

_____

_____

_____

Submitted:

| | |
|---|---|
| Sanford Heisler Sharp LLP | Lieff Cabraser Heiman & Berman LLP |
| 700 Pennsylvania Ave SE, Suite 300 | 275 Battery Street, Suite 2900 |
| Washington, D.C. 20003 | San Francisco, CA 94111-3339 |