

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX
AMERICA • ASIA PACIFIC • EUROPE

CKENNEY@SIDLEY.COM
+1 312 853 4166

July 26, 2019

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
New York, New York 10007

Re: *Kassman v. KPMG LLP*, Civ. No. 11-cv-3743 (LGS)

Dear Judge Schofield:

KPMG respectfully submits this renewed pre-motion letter on its proposed Motion to Dismiss certain Verified Fact Sheets ("VFSs") and to Strike various VFS allegations pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and 12(f), as detailed below.[1] This Court asked the parties to discuss a potential streamlined process by which interested Former Opt-In Plaintiffs ("FOIPs") could assert individual Equal Pay Act ("EPA") claims in this Court, rather than in their home jurisdictions. KPMG was "willing to compromise" (Dkt. 865) and agreed that a FOIP could submit a VFS, rather than a full Complaint and a filing fee. To protect KPMG's right to know the grounds of each FOIP's claim, the agreed-upon, Court-approved VFS form required each FOIP to set forth the essential facts of her EPA claim, verify it under oath, and have her attorney sign it pursuant to Rule 11. Dkt. 865.[2] The Court ordered that the VFS serves as a complaint "in all respects." *Id*. Each VFS thus must allege sufficient facts "to state a[n EPA] claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to support a "reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FOIPs have now served 452 VFSs (excluding the named plaintiffs and two withdrawn VFSs, Dkt. 892), 138 of which were amended and several of which were served late. Despite having had months to prepare their VFSs, *and* leave following KPMG's Pre-Motion Letter to (re)state their EPA claims "in the manner set forth in the Court's Order Dated February 25, 2019" (Dkt. 885), the vast majority of the VFSs remain facially deficient. For example: (a) 28 still leave *blank* the space where they were to state the basis for their EPA claim; (b) more than 100 fail to name *any* comparator(s) themselves, and many admit that they have no knowledge of any male doing equal work, much less for higher pay; and (c) over 200 name purported "comparators" but (i) fail to allege facts as to such males' or their own job duties, in some cases resting on conclusory allegations as to the "same title" or "similar" or "equal" work; (ii) fail to name any comparators who were paid more than the FOIP; and/or (iii) only name men outside their EPA establishment (office). Plaintiffs attempt to "cure" these defects largely by

---

[1] KPMG submitted a pre-motion letter on May 24, 2019 (Dkt. 879) (the "Pre-Motion Letter"), which it incorporates by reference and moves *instanter* to file as Exhibit A. On June 3, 2019, the Court allowed FOIPs to amend their VFSs in response to KPMG's Pre-Motion Letter and thus denied it "without prejudice to renewal." Dkt. 885.

[2] This included "identify[ing] each male (full name, if possible) that *you are aware* did equal work to you; the time period you and he did equal work; *why you understand* that you performed equal work to each such male; and whether *you believe* you were paid less than each such male because of your gender." VFS § II.1 (emphasis added).

# SIDLEY

Honorable Lorna G. Schofield
Page 2

attaching to *every* VFS an unverified, counsel-supplied addendum which, across the VFSs, name over *12,000* purported male comparators ("Attorney Addendum"), often going beyond a FOIP's job title and practice area (yet still defective even if they do not).[3] This is plainly improper and not even a VFS "allegation." Counsel could help compute damages and note which "comparators" identified by a FOIP were higher-paid, given counsel's access to confidential pay data, but were *not* authorized to substitute their own "data dump" for a FOIP's lack of verified facts. VFS §§ II.1, V. The FOIPs have had ample opportunity to state and amend their EPA claims. Deficient VFSs and/or allegations should be dismissed and/or stricken.

## I.   All VFSs That Fail To Adequately Allege An EPA Claim Should Be Dismissed.

Each VFS, which serves as a FOIP's complaint "in all respects" (Dkt. 865), must meet the EPA's "demanding" pleading standard and "include sufficient factual matter, accepted as true to permit the reasonable inference that the relevant employees' job *content* was substantially equal." *E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 55-56 (2d Cir. 2014) (internal quotations and citations omitted); Dkt. 831 at 58. The employees being compared also must "work in a single 'establishment,'" which means the same office given Plaintiffs' failure to allege "unusual circumstances" warranting a multi-office establishment. Dkt. 831 at 54-56. Hundreds of VFSs, including most amended VFSs, fail to meet these standards.

KPMG thus proposes to move to dismiss for failure to state a claim any VFS that: (a) fails *in the VFS itself* to identify any comparators; (b) names alleged comparators, but (i) fails to allege any job content (*e.g.*, lists names only), (ii) includes only conclusory boilerplate (*e.g.*, of "substantially equal work" or "similar work") but not actual job content, or (iii) alleges job content that, even if true, fails "to permit the reasonable inference that the relevant employees' job *content* was substantially equal," *Port Auth.*, 768 F.3d at 255; (c) fails *in the VFS itself* to name any comparators who were paid more than the FOIP; and/or (d) names only alleged comparators in different offices from the FOIP's, thus failing the EPA's "same establishment" requirement. Plaintiffs' tactics, devoid of specific job content and/or legally sufficient "comparators" (if any), involves the precise "roll call" approach that courts have rejected. *See* Dkt. 831 at 58 (plaintiff must plausibly show "the congruity and equality of actual job content *between the plaintiff and comparator*") (emphasis added) (*quoting Port Auth.*, 768 F.3d at 255); *Chiaramonte v. Animal Med. Ctr.*, 677 Fed. Appx. 689, 692 (2d Cir. 2017) (rejecting "roll call" of comparators and salaries without explanation as to the work each comparator performed).

## II.   FOIPs Who Filed Bankruptcy But Did Not Schedule EPA Claims Should be Dismissed.

Several FOIPs disclosed prior bankruptcy filings in their VFSs.[4] Any such FOIP who failed to disclose her EPA claim as an "asset" in bankruptcy must be dismissed for lack of standing to pursue her claims here and/or due to judicial estoppel. *See* 11 U.S.C. § 521; *Kassner*

---

[3] An example of an Attorney Addendum was filed under seal on June 3, 2019.

[4] "A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, such as the [release] Agreement, and relied upon, in bringing the suit." *Young Min Lee v. New Kang Suh Inc.*, 2019 WL 689085, at *1 (S.D.N.Y. Feb. 15, 2019) (*citing Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)).

# SIDLEY

Honorable Lorna G. Schofield
Page 3

*v. 2nd Ave. Deli. Inc.*, 2005 WL 1018187, at *2 (S.D.N.Y. Apr. 29, 2005) ("Since the bankruptcy estate retains any unscheduled assets…the debtor loses all rights to pursue an undisclosed cause of action in his own name."); *BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 192 (2d Cir. 2017) ("Judicial estoppel will prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.").

### III. FOIPs Who Assert Time-Barred Claims or Signed Claim Releases Should be Dismissed.

Several FOIPs' EPA claims are wholly (or in some cases partly) time-barred including because: (1) the factual allegations in the VFS demonstrate that the FOIP had prior knowledge of her potential EPA claim (including, for example, where she pled that she executed a release of claims, and thus had notice of a plausible claim at that time) and thus is not entitled to tolling under the Court's prior Orders (Dkts. 413, 865), and without tolling such claim is time-barred; and/or (2) the FOIP failed to allege, or plead sufficient facts plausibly showing, a willful violation, and, as such, her claim is subject to a two-year limitations period and she has no claim within such period. 29 U.S.C. § 255(a). Furthermore, FOIPs who pled in their VFSs that they executed pre-litigation releases of claims (*e.g.*, following their employment separation) are barred from pursuing their EPA claims because they waived such claims. *See Young Min Lee*, 2019 WL 689085, at *2 (granting Rule 12(b)(6) motion to dismiss claims under the Fair Labor Standards Act ("FLSA") (of which the EPA is a part) where employee signed pre-litigation release, and holding that *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), only bars post-litigation private FLSA "releases entered into under Federal Rule of Civil Procedure 41"); *Gaughan v. Rubenstein*, 261 F.Supp.3d 390, 399-402 (S.D.N.Y. 2017) (same).

### IV. All Attorney Addenda, and All Allegations as to Invalid "Comparators," Unsupported Claims, and Damages Unrecoverable Under the EPA, Should Be Stricken.

Substantial portions of the VFSs should be stricken, from both entirely deficient VFSs and any VFSs that KPMG intends to answer, for reasons stated above and in KPMG's Pre-Motion Letter, including: (1) all Attorney Addenda, which as noted are neither verified allegations *by the FOIP* nor authorized by this Court's Order (Dkt. 865); and (2) all VFS allegations as to (i) any named "comparator" for whom no job duties were alleged and/or who worked in a different establishment than the FOIP, (ii) any damages that are not recoverable under the EPA (*e.g.*, emotional distress or promotion denial damages), and/or (iii) all deficiently pled "willful violation" claims (*e.g.*, boilerplate tracking of the statutory standard). *See* Rule 12(f) (court may strike "redundant, immaterial, [or] impertinent matter"); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (must show "that the employer either knew or showed reckless disregard for" the unlawfulness of its conduct). This is critical to efficient resolution of the FOIPs' claims, and to avoid undue discovery and other burdens on KPMG.

### V. Parties to Confer on Proposed Briefing Schedule and Page Limits

KPMG proposes that the Parties meet and confer on a proposed briefing schedule and page limits.

Respectfully submitted,
/s/ *Colleen M. Kenney*
Colleen M. Kenney