

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN STREET
CHICAGO, IL 60603
+1 312 853 7000
+1 312 853 7036 FAX

CKENNEY@SIDLEY.COM
+1 312 853 4166

AMERICA • ASIA PACIFIC • EUROPE

August 3, 2019

**Via ECF**
Honorable Lorna G. Schofield
United States District Court
Southern District of New York
New York, New York 10007

Re:   *Kassman v. KPMG LLP*, Civ. No. 11-cv-3743 (LGS)

Dear Judge Schofield:

KPMG respectfully submits this reply in support of its renewed pre-motion letter on its proposed Motion to Dismiss certain Verified Fact Sheets ("VFSs") and to Strike various VFS allegations pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) and 12(f) (Dkt. 902) to correct certain misstatements and revisionist history put forth by Plaintiffs as it relates to KPMG's proposed briefing schedule and the purpose of the VFS Complaints.

Plaintiffs for the first time claim that the VFS Complaints are not complaints at all, but instead are merely "general information" that KPMG "request[ed] for settlement." Nothing could be further from the truth. At no time did KPMG ever believe or indicate that this process was in any way a "settlement program." While KPMG was amenable to a streamlined approach to litigating individual complaints that were verified and served pursuant to Rule 11, KPMG has continuing doubts on the viability of the process in which the parties are engaging. This is why KPMG insisted that its rights be protected from the start. Thus, the Order holds that each VFS Complaint "shall act in all respects as if it were a filed Complaint in this Court for all purposes." To make sure it was crystal clear, the Court's February 25, 2019 Order also specifically contemplated KPMG's right to defend against deficient pleadings such as those served in the VFS Complaints, providing that nothing therein shall "limit the Parties' rights, claims, or defenses, including with respect to…engaging in motion practice." (Dkt. 865). If the VFS Complaints are not Complaints, KPMG reiterates its request that the VFS Plaintiffs' alleged claims be dismissed without prejudice to file in a Court of appropriate jurisdiction.

It has also become clear that Plaintiffs do not want the allegations contained in the VFS Complaints to be put under any scrutiny. In a transparent attempt to stop KPMG from effectively arguing its various Motions to Dismiss and/or to Strike, Plaintiffs propose that KPMG have only two (2) months and a grand total of 25 pages to argue 452 individual Motions to Dismiss and/or to Strike. Putting this in context, Plaintiffs had seven (7) months to serve (and an unlimited number of pages) the VFS complaints. Plaintiffs continue to act as if the Court certified a collective -- but that is not what occurred. Plaintiffs served 452 individual complaints regarding the individual allegations of each Plaintiff. Given that Plaintiffs have served 452 Complaints, it could be argued that KPMG can file individual Motions to Dismiss and/or Strike as to each deficient VFS Complaint. But KPMG recognizes that a more streamlined approach will accomplish the dual goals of efficiency while allowing KPMG to make the necessary legal arguments as to each VFS Complaint.

# SIDLEY

Honorable Lorna G. Schofield
Page 2

Thus, KPMG proposes that it submit an omnibus legal brief of 25 pages, with no more than 5 exhibits (which exhibits are distinct from any specific VFS addenda discussed below). The omnibus brief will address the legal issues related to the VFS Complaints, as set forth in KPMG's pre-motion letter. Many VFS Complaints have deficiencies for which KPMG's arguments do not depend on a detailed review of particular allegations, for example, those VFS Complaints that are blank or do not name any alleged comparators. The omnibus legal brief, by itself with little or no additional argument, will be sufficient for these VFS complaints.

Other VFS Complaints, however, will require individualized discussion of the application of the law to the allegations in a particular VFS Complaint. KPMG, thus, proposes that it be allowed it file short addenda (not more than 3 single-spaced pages) to its Motion to Dismiss, or to Strike allegations where some analysis of particular allegations is warranted. For example, some VFS complaints purport to contain what the Plaintiffs' claim are a description of "similar" duties, but no actual job content is provided or the limited content provided makes clear that VFS Plaintiff did not perform equal work as the male she names. KPMG respectfully submits that it has the right under Rules 12(b)(6) and 12(f), and that it would be helpful to the Court in any event, to provide a succinct discussion of those few allegations and why they are insufficient.

For the addenda, the only exhibits that KPMG believes are necessary are those documents that are referred to in the VFS Complaint, such as the releases signed by certain Plaintiffs and/or limited PeopleSoft data incorporated by reference into the VFS Complaints[1] and the VFS Complaint itself (which have been served but not filed on the docket). KPMG contemplates that the majority of VFS Complaints will require no more than a page and will only include the VFS Complaint as an exhibit.

Seeking to move expeditiously yet preserve its rights, KPMG proposes that it serve its omnibus brief no later than September 10, 2019 (the date proposed by Plaintiffs).[2] This is just over two months after Plaintiffs served most of the Amended VFS Complaints (although they served some later in July). KPMG respectfully requests that it be allowed until October 25, 2019 to serve the individual addendums. In total, October 24, 2019 is less than four (4) months after Plaintiffs completed serving most of the VFS Complaints and Amendments. Four months to brief 452 motions to dismiss and/or to strike is entirely reasonable and far from "excessive" as the Plaintiffs' claim. This is particularly true here, where Plaintiffs had more time than this to serve their VFS Complaints. The remaining proposed dates and page limits follow from the September 10 and October 25 dates and are set forth below.

Plaintiffs argue that KPMG has had certain of the VFS Complaints since late April. But Plaintiffs sought and were granted leave to amend those VFS Complaints and it was not until

---

[1] "A court may, however, consider documents attached to the complaint, statements or documents incorporated into the complaint by reference, matters of which judicial notice may be taken, public records, and documents that the plaintiff either possessed or knew about, such as the [release] Agreement, and relied upon, in bringing the suit." *Young Min Lee v. New Kang Suh Inc.*, 2019 WL 689085, at *1 (S.D.N.Y. Feb. 15, 2019) (*citing Kleinman v. Elan Corp.*, 706 F.3d 145, 152 (2d Cir. 2013)).

[2] KPMG notes that Plaintiffs have designated every VFS Complaint as "Confidential" under the Protective Order. Thus, the Parties will need to meet and confer on redactions prior to filing anything on the public docket and has, thus, proposed dates that the briefs be served.

# SIDLEY

Honorable Lorna G. Schofield
Page 3

July that KPMG knew what allegations each of the 452 VFS Plaintiffs were making. It would have been wasteful to begin drafting motions on complaints that were soon to be amended. To alleviate their expressed concern, Plaintiffs could have told KPMG which VFS Complaints they intended to amend, allowing KPMG to begin working on its individualized motions, but Plaintiffs chose not to do so. Plaintiffs offer **no** argument for limiting KPMG to a single brief of 25 pages to argue to dismiss and/or to strike the allegations contained in 452 individual complaints and have not cited to any authority to support such an argument. That is because such a limitation is patently unreasonable.

Plaintiffs also misstate KPMG's proposal, insisting that KPMG intends to file 16,000 pages in 84 binders. This gross exaggeration of possible page count is truly baffling. KPMG explained to Plaintiffs precisely what it sets forth in this letter and in any event, even if every VFS addendum had 3 pages (which, as KPMG explained to Plaintiffs would not occur), the total page count is a small fraction of 16,000 pages. To clear up any confusion, KPMG sets forth its proposal below:

| KPMG PROPOSED BRIEFING SCHEDULE AND LIMITS | |
|---|---|
| KPMG serves Omnibus Legal Brief (no more than 25 pages and 5 exhibits) | September 10, 2019 |
| Plaintiffs' serve Omnibus Response (no more than 25 pages and 5 exhibits) | October 25, 2019 |
| KPMG serves Individual addenda (no more than 3 single spaced pages and 2 exhibits, plus the VFS Complaint) | October 25, 2019 |
| KPMG serves Omnibus Reply (no more than 10 pages) | November 15, 2019 |
| Plaintiffs serves Response to Individual addenda (no more than 3 single spaced pages and 2 exhibits) | December 6, 2019 |
| KPMG serves Individual Replies (no more than a single spaced page) | January 24, 2020 (KPMG is generally closed most of the last two months of each year and the briefing period covers the Christmas and New Year holidays). |

Plaintiffs either served 452 individual VFS Complaints -- in which case KPMG may move to dismiss and/or strike -- or they did not -- in which case the Court should dismiss the Plaintiffs with leave to file in an appropriate court. KPMG therefore respectfully requests that the Court grant its Renewed Pre-Motion Letter, including its proposed briefing schedule and page limits or in the alternative dismiss the VFS Plaintiffs without prejudice to filing in an appropriate venue.

Respectfully submitted,
/s/ *Colleen M. Kenney*
Colleen M. Kenney

ACTIVE 246607325