UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
DONNA KASSMAN, et al.,                                     :
                                    Plaintiffs,            :
                                                          :           11 Civ. 3743 (LGS)
                          -against-                        :
                                                          :           **OPINION AND ORDER**
KPMG LLP,                                                 :
                                    Defendant.             :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge

Plaintiffs, current or former employees of KPMG, LLC, bring Equal Pay Act ("EPA")

claims against Defendant KPMG, LLP ("KPMG").  Plaintiffs include nine named Plaintiffs, and

452 former opt-in Plaintiffs ("FOIPs").  KPMG moves to dismiss the claims of ten representative

FOIPs[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike pursuant to Federal

Rule of Civil Procedure 12(f) the following: (1) each attorney addendum ("Addenda[um]")

attached to each of the FOIPs' Verified Fact Sheets ("VFS"), and (2) all claims for damages not

recoverable under the EPA.  For the reasons stated below, KPMG's motion to dismiss is granted

in part, and the motion to strike is denied.

I.      BACKGROUND

The Court assumes familiarity with the facts.  *See, e.g.*, *Kassman v. KPMG LLP*, 925 F.

Supp. 2d 453, 457-59 (S.D.N.Y. 2013) ("*Kassman I*"); *Kassman v. KPMG LLP*, No. 11 Civ.

03743, 2014 WL 3298884, at *2-4 (S.D.N.Y. July 8, 2014) ("*Kassman II*"); *Kassman v. KPMG

LLP*, 416 F. Supp. 3d 252, 257-67 (S.D.N.Y. 2018) ("*Kassman III*").  The facts summarized

herein are taken from the FOIPs' VFSs, and are accepted as true for purposes of this motion.  *See*

---

[1] The ten (10) representative FOIPs whom Defendants seek to dismiss are: Helen Bae, Veronica
Driscoll, Rhoda Fukushima, Diana Gioia, Carolann Hernberg, Sarah Huss, Artemis Koch,
Barbara Lam, Heidi Nelson, and Elizabeth Silveira Pio.

*Chamberlain Estate of Chamberlain v. City of White Plains*, 960 F.3d 100, 103 n.8 (2d Cir. 2020).

### A.  Procedural History Relating To The VFSs

Plaintiffs brought suit in 2011 alleging that "KPMG discriminates against thousands of women in their pay and promotions."  *Kassman III*, 416 F. Supp. 3d at 257.  The operative complaint names nine plaintiffs who sought to certify a class alleging, *inter alia*, violations of the EPA.[2]  The Court conditionally certified an EPA collective of approximately 1,100 opt-in plaintiffs in 2014, *see Kassman II*, 2014 WL 3298884, at *9, and decertified the collective on November 30, 2018.  *Kassman III*, 416 F. Supp. 3d at 290.

On January 17, 2019, the Court held a status conference to discuss next steps in the case, including whether or how the FOIPs intended to proceed with their claims following de-certification.  At the end of the conference, the Court directed the parties to meet and confer and, in an order following the conference, directed the parties to file a joint letter regarding, *inter alia*, "a potential agreement to exchange information about the opt-in Plaintiffs and to stop the Equal Pay Act limitations period from running . . . ."

In the subsequently filed joint letter, KPMG emphasized its desire to preserve its "Due Process and other rights and defenses," but stated its "willing[ness] to compromise and agree to a procedure that allows a FOIP to continue to prosecute her claims in this Court without filing a Complaint if such FOIP submits a verified Fact Sheet" because such a process would give KPMG, *inter alia*, "a reasonable understanding of the principal basis for the FOIP's purported EPA claim."  On that basis, the Court ordered the parties to file a joint proposed Order and exemplar VFS, and further stated that the Court was not inclined to appoint a Special Master or

---

[2] These nine named plaintiffs are Donna Kassman, Sparkle Patterson, Jeanette Potter, Ashwini Vasudeva, Tina Butler, Cheryl Charity, Heather Inman, Nancy Jones and Carol Murray.

to grant further discovery for FOIPs "until after they have filed their Complaints and/or Opt-In Fact Sheets."

On February 22, 2019, the parties submitted a proposed VFS template and a proposed joint order that would govern the VFS process.  The Court issued the proposed order (the "VFS Order") without substantive alteration.  The VFS Order contained the following relevant provisions "as to every [FOIP] who intends to continue in good faith to prosecute her EPA claim in this Court without filing a Complaint":

> § I.1 Such person shall complete and execute a verified Fact Sheet;
>
> § I.3 Plaintiffs' Counsel shall serve the completed, verified and executed Fact Sheet upon counsel for KPMG in the manner described in Section III below;
>
> § I.4 A verified Fact Sheet signed by the Former Opt-In Plaintiff and counsel shall act in all respects as if it were a filed Complaint in this Court.

The VFS Order further provides that, in order to toll the statute of limitations as to the EPA claims, each FOIP "shall either (a) no later than April 30, 2019 file a Complaint in an appropriate jurisdiction; or (b) no later than April 19, 2019 complete and execute a verified Fact Sheet" and "[a]fter April 30, 2019, any [FOIP] that wishes to prosecute her claims in good faith may file a Complaint in an appropriate court."  Finally, the VFS Order states that "[n]othing in this Order shall be deemed to limit the Parties' rights, claims, or defenses, including with respect to proceeding in discovery, engaging in motion practice or in any other way."

The VFS template adopted by the Court contains the following relevant provisions:

> KPMG has stated its willingness to follow a procedure that allows you to continue, in good faith, to prosecute your EPA claim on an individual basis as a Named Plaintiff in this Court without filing a Complaint, and without needing to institute a new lawsuit in this Court or another Court, should you choose to do so.
>
> If you wish to continue to prosecute an EPA claim in good faith in this Court without filing an individual Complaint, you must timely complete and certify the enclosed Fact Sheet.  If you do not: (1) submit this form to Plaintiffs' Counsel by

April 19, 2019 and have your Counsel serve this form on KPMG by April 30, 2019, or (2) file a Complaint on your own with other counsel by April 30, 2019, your EPA claim will be dismissed . . . .

Please attach as many sheets of paper as necessary to fully answer these questions.

The VFS template also includes several questions seeking responses of Yes or No,

followed by further elaboration, and an inquiry regarding damages:

Are you [the FOIP] claiming that you received less compensation because of your gender than one or more male KPMG employees who did substantially equal work to you?  For purposes of your response, "substantially equal work" means work requiring substantially equal skill, effort, and responsibility, and which is performed under similar working conditions in the same establishment. The term "establishment" in the EPA refers to a distinct physical place of business rather than to an entire business or enterprise which may include several separate places of business. However, unusual circumstances may call for two or more distinct physical portions of a business enterprise being treated as a single establishment. For example, a central administrative unit may hire all employees, set wages, and assign the location of employment; employees may frequently interchange work locations; and daily duties may be virtually identical and performed under similar working conditions. . . . If Yes, please: identify each male . . . that you are aware did equal work to you; the time period you and he did equal work; why you understand that you performed equal work to each such male; and whether you believe you were paid less than each such male because of your gender. You may work with Plaintiffs' Counsel (who has KPMG's payroll data) to provide this information.

[Is the FOIP claiming that] KPMG acted willfully in paying [her] less compensation than one or more males for equal work because of [her] gender? . . . If Yes, please explain why as best you can, if possible. Your failure to provide detailed information does not prevent you from submitting this Fact Sheet but may affect the period of time for which you may collect damages.

[Is the FOIP claiming that she] suffered any damages as a result of KPMG's alleged EPA violation? . . . If Yes, please state the damages you intend to seek. . . .

Damages (may be completed by Counsel).  State below the categories and best estimates of the amounts of damages claimed, so that KPMG can reasonably understand the damages sought.

**B.  Subsequent Procedural History Leading to This Motion**

By April 30, 2019, 452 VFSs had been served on KPMG.  On May 20, 2019, KPMG

notified the Court of VFSs that were untimely served, requesting that they be dismissed.  The

Court issued an order on May 23, 2019, dismissing without prejudice from the action the FOIPs

who had failed to timely serve VFSs.  The next day, KPMG filed a pre-motion letter seeking to

"[d]ismiss certain [VFSs] and to Strike allegations in various VFSs pursuant to [Rules] 12(b)(6)

and 12(f)."  The letter argues that the VFSs must state a plausible claim pursuant to *Twombly* and

*Iqbal*.[3]  In a May 31, 2019, joint status letter KPMG reiterated its intention to move to dismiss

and strike certain VFSs.  In the same joint letter, Plaintiffs "dispute[d] KPMG's characterizations

of the Fact Sheets[,]" but also asserted that KPMG "must, consistent with the [Federal] rules and

with this Court's prior Order, either move to dismiss or answer each" VFS (citing Federal Rule

of Civil Procedure 12(a)).  In a separate response to KPMG's pre-motion letter dated the same

day, Plaintiffs argued that dismissal was "inappropriate" because the "[VFSs] are not

Complaints" but further argued that, "[p]articularly given that the [VFSs] are not filed

Complaints, the [FOIPs] must be given the opportunity to amend or supplement their [VFSs]

prior to dismissal, to attempt to satisfy any deficiencies in [the] pleading."  On June 3, 2019, the

Court denied KPMG's request to file a motion to dismiss and to strike without prejudice to

renewal, and directed Plaintiffs serve any amended VFSs by July 1, 2019.  On July 1, 2019,

Plaintiffs submitted approximately 138 amended VFSs to KPMG.

On July 26, 2019, KPMG renewed its pre-motion letter seeking leave to file a motion to

dismiss and strike portions of the FOIPs' VFSs.  Plaintiffs' response maintained that the VFSs

were not subject to dismissal "under *Iqbal* and *Twombly*," but argued that "[e]ven assuming that

---

[3] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007).

[*Twombly* and *Iqbal*] apply," it would not be "appropriate to dismiss or strike" the VFSs "at this stage" because, *inter alia*, KPMG's arguments to dismiss "require[] highly fact-specific inquiries that are inappropriate for adjudication at the motion to dismiss stage . . . [and] are more efficiently raised before a special master or mediator." On August 5, 2019, the Court issued an order directing KPMG to "move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss ten [10] of the Challenged VFSs, whose purported defects are representative of the Challenged VFSs as a whole" and to move to strike pursuant to 12(f). KPMG filed the instant motion on September 27, 2019.

## II.    MOTION TO DISMISS

### A. The VFSs Are Subject to Rule 12(b)(6)

Plaintiffs argue that the VFSs are not subject to the Rule 12(b)(6) pleading standards set out in the Supreme Court's decisions in *Twombly* and *Iqbal*. Plaintiffs are incorrect.

The VFS Order and VFS template establish that each VFS "shall act in all respects as if it were a filed Complaint in this Court" and that as such KPMG reserves "rights, claims, or defenses, including . . . engaging in motion practice . . . ." This necessarily means that a VFS, like a complaint filed in this Court, is governed by the Federal Rules of Civil Procedure, including the general rules of pleading, and is subject to applicable defenses and objections by the defendant upon whom the complaint is served. *See, e.g.*, Fed. R. Civ. P. 8, 11, 12. It is axiomatic that Supreme Court precedent applies to any motion brought to dismiss the VFSs pursuant to the Federal Rules of Civil Procedure.

Plaintiffs characterize the VFSs as the result of a "collaborative process" by which "the parties agreed that the [FOIPs] could submit fact sheets that would provide KPMG with information KPMG specifically requested" and that would "act as if they were complaints for the purposes of protecting [FOIPs] from the EPA's statute of limitations" but which "were not

complaints and not subject to the 'plausibility' pleading standard of *Iqbal* and *Twombly*."  But nothing on the record supports Plaintiffs' assertion that the VFSs are not subject to the plausibility pleading standard.  Plaintiffs' selective quotations from the January 17, 2019, conference transcript do not support such an understanding, because the Court issued no substantive order at that conference, and instead directed the parties to meet and confer to propose next steps.  KPMG also has consistently denied that the VFSs are "claims forms" for settlement purposes only, having emphasized its rejection of "the skeletal summary process that Plaintiffs seem to envision" before agreeing to the VFS compromise, because a "claims form" process "would violate KPMG's due process and statutory rights . . . [and] KPMG has the right to try individualized claims and defenses, once it knows what the claims are, before a jury or the Court should the parties so choose."  Based on this record, Plaintiffs' argument that KPMG agreed to conduct settlement discussions with Plaintiffs without being on notice of the claims against them -- and without having the opportunity to challenge those claims -- is unpersuasive.

The language of the VFS template also does not support Plaintiffs' argument.  First, that the VFS template requests information above and beyond what is typically required in a complaint does not logically lead to the conclusion that the VFSs were not also required to plead an EPA claim.  Based on the record in this case, the VFS template is reasonably construed as a compromise designed to allow the FOIPs to avoid the burden of separately filing full complaints at this time and pursuant to which the parties could agree to exchange certain information -- some of which might not ordinarily be included in a complaint -- but which otherwise acts "in all respects as if it were a filed Complaint in this Court."  The VFS template allows KPMG to understand the claims against it, subject to applicable defenses including under Rule 12(b)(6), as dictated in the Court's VFS Order.

Second, Plaintiffs' argument that the VFSs are not subject to the "plausibility" pleading standard of *Iqbal* and *Twombly* because "fact sheets informed [F]OIPs that summary or partial answers would be acceptable" and that "[a]t no point in the detailed fact sheet instructions is the [F]OIP told that failing to provide details may cause her claims to be dismissed" for a lack of completeness or specificity is not persuasive.  Plaintiffs jointly proposed these VFS templates with KPMG, and ultimately the onus is on the FOIPs' counsel to ensure the FOIPs understand what is necessary to plead a sufficient claim.  Also, the VFS directs in bold on the first page to: "attach as many sheets of paper as necessary to fully answer these questions," and the questions themselves give detailed guidance as to the information required, including by directing the FOIPs to work with counsel if necessary.

In any event, even if Plaintiffs did not understand that the VFSs would be subject to the plausibility pleading standard when serving the initial VFSs on KPMG, Plaintiffs were indisputably on notice of KPMG's intent to move to dismiss pursuant to Rule 12(b)(6) as of KPMG's first letter motion seeking to move to dismiss on that basis, and could have (but did not) seek modification, clarification or construction of the VFS Order.  Instead, Plaintiffs requested -- and were granted -- leave to amend the VFSs "to attempt to satisfy any deficiencies in [the] pleading."  Plaintiffs cannot now claim prejudice or lack of notice that the VFSs are subject to normal pleading standards.  *Cf. McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 192 (1949) ("Respondents could have petitioned the District Court for a modification, clarification or construction of the order.  But respondents did not take that course either.  They undertook to make their own determination of what the decree meant.  They knew they acted at their peril." (citation omitted)); *accord CBS Broad. Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 99 (2d Cir. 2016).  Indeed, Plaintiffs acknowledged after KPMG filed its first pre-motion letter seeking leave to

move to dismiss that KPMG, "consistent with the [Federal] rules and with this Court's prior Order, [must] either move to dismiss or answer each" VFS (citing Federal Rule of Civil Procedure 12(a)).[4]  Accordingly, this argument is rejected.

### B.  Pleading Standard

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id.* at 678 (internal quotation marks omitted).  Accordingly, a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  On a motion to dismiss, a court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor."  *Kleinman v. Elan Corp., plc*, 706 F.3d 145, 152 (2d Cir. 2013) (quotation marks omitted); *accord Dass v. City Univ. of*

---

[4] Plaintiffs do not explain in their memorandum of law in opposition what pleading standards would be appropriate in evaluating a motion to dismiss the VFSs.  In an uninvited sur-reply, Plaintiffs for the first time argue that the VFSs should be evaluated as "discovery documents" and, if evaluated as complaints, should be found "akin to . . . pro se complaint[s]."  These arguments are rejected as inconsistent with the record and with the fact that the FOIPs are represented.  They are also rejected because they were raised for the first time in a sur-reply.  *See Herod's Stone Design v. Mediterranean Shipping Co. S.A.*, 434 F. Supp. 3d 142, 161 n.12 (S.D.N.Y. 2020).  KPMG's rebuttal of Plaintiffs' characterization of the VFSs -- the argument to which Plaintiffs' sur-reply purportedly responds  -- was not a new argument that the VFSs are similar to form complaints in product liability cases; rather, KPMG simply quoted more fully a portion of conference transcript in order to provide greater context to Plaintiffs' quotations.

*New York*, No. 18 Civ. 11325, 2020 WL 1922689, at *3 (S.D.N.Y. Apr. 21, 2020).  The EPA

prohibits:

> discriminat[ion], within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions . . . .

29 U.S.C. § 206(d)(1).  "Thus, to prove a violation of the EPA, a plaintiff must demonstrate that

"(1) the employer pays different wages to employees of the opposite sex; (2) the employees

perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are

performed under similar working conditions."  *E.E.O.C. v. Port Auth. of New York & New

Jersey*, 768 F.3d 247, 254–55 (2d Cir. 2014) (alterations omitted); *accord Green v. New York

City Transit Auth.*, No. 15 Civ. 8204, 2019 WL 1428336, at *6 (S.D.N.Y. Mar. 28, 2019).

"At the pleading stage . . . a plausible EPA claim must include 'sufficient factual matter,

accepted as true' to permit 'the reasonable inference" that the relevant employees' job *content*

was 'substantially equal.'"  *Port Auth. of New York & New Jersey*, 768 F.3d at 256 (quoting

*Iqbal*, 556 U.S. at 678).  "To satisfy this standard, a plaintiff must establish that the jobs

compared entail common duties or content, and do not simply overlap in titles or classifications."

*Id*. at 255.  Allegations are insufficient if they amount to a "bald recitation of the elements of an

EPA claim" or assert that plaintiffs "held the same job code."  *Id*. at 256 (quotation marks

omitted).  Allegations relating solely to "experience, training, education, or ability" are also

insufficient.  *See id*. (quotation marks omitted) (finding such allegations insufficient because

"such bland abstractions -- untethered from allegations regarding . . . *actual* job duties -- say

nothing about whether the [comparators] were required to perform 'substantially equal work'").

"The determination of whether a complaint states a plausible claim for relief is 'a context-

specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Id*. at 258 (quoting *Iqbal,* 556 U.S. at 679).[5]

### C.  Eight of the Ten Representative VFSs Are Dismissed

The VFSs submitted by Nelson, Huss, Fukushima, Driscoll, Gioia, Silveira-Pio, Bae and Lam fail to plead the second element of an EPA claim -- that the FOIPs perform equal work to their comparators on jobs requiring equal skill, effort, and responsibility.  *See Port Auth. of New York & New Jersey*, 768 F.3d at 254-55.  For that reason, those FOIPs are dismissed.

#### i.  The Nelson and Huss VFSs

All ten Plaintiffs allege, by virtue of checking "Yes" in Section II.1 of their VFS, that they "received less compensation because of [their] gender than one or more male KPMG employees who did substantially equal work to [them]," where "substantially equal work means work requiring substantially equal skill, effort, and responsibility, and which is performed under similar working conditions in the same establishment."  This conclusory assertion is insufficient,

---

[5] Plaintiffs are incorrect that *Port Auth. of New York & New Jersey* is distinguishable because the plaintiff in that case engaged in three years of investigation prior to filing the complaint, a fact that was deemed relevant to the finding that "the EEOC failed . . . to allege any factual basis for inferring that the attorneys at issue performed substantially equal work."  *See E.E.O.C. v. Port Auth. of New York & New Jersey*, 768 F.3d 247, 258 (2d Cir. 2014) (internal quotation marks omitted).  Plaintiffs here engaged in substantial class discovery before preparing these VFSs, and in fact argue that "[t]he class discovery record contains substantial evidence that the [F]OIPs and their male comparators performed substantially equal work."  In any event, courts in this district regularly apply the pleading standards outlined in *Port Auth. of New York & New Jersey* to motions to dismiss in cases without analogous investigations.  *See, e.g., Wu v. Good Samaritan Hosp. Med. Ctr.*, No. 19 Civ. 2209, 2020 WL 2551033, at *4 (2d Cir. May 20, 2020) (summary order) (affirming a ruling that an EPA claim was insufficiently pled where,"[a]lthough Plaintiff alleges on information and belief that the Hospital and Madonna Defendants paid or offered her less than they paid or offered similarly situated male employees, she has not alleged anything about her actual job duties or the actual job duties of her putative comparators" (citing *Port Auth. of New York & New Jersey*, 768 F.3d at 257)); *Edwards v. Thomson Reuters (Tax & Accounting) Inc.*, No. 19 Civ. 93, 2020 WL 2132348, at *3-4 (S.D.N.Y. May 5, 2020) (finding EPA claim inadequately pled where the plaintiff "fail[ed] to adequately allege that she and her comparators performed equal work on jobs requiring equal skill, effort, and responsibility; and the jobs are performed under similar working conditions (citing *Port Auth. of New York & New Jersey*, 768 F.3d at 254-55)).  Plaintiffs' out-of-circuit legal authority does not dictate a contrary conclusion.

on its own, to allege a sufficient EPA claim.  *See, e.g.*, *Port Auth. of New York & New Jersey*, 768 F.3d at 258; *accord Edwards v. Thomson Reuters (Tax & Accounting) Inc.*, No. 19 Civ. 93, 2020 WL 2132348, at *3-4 (S.D.N.Y. May 5, 2020); *Wu v. Good Samaritan Hosp. Med. Ctr.*, No. 19 Civ. 2209, 2020 WL 2551033, at *4 (2d Cir. May 20, 2020).  The Nelson and Huss VFSs do not contain additional factual allegations, and therefore the Nelson and Huss EPA claims are dismissed.

Plaintiffs' cited cases do not support a contrary conclusion because the complaints in those cases provide more specific factual allegations than provided in Nelson's and Huss's VFSs, involve a *pro se* plaintiff or otherwise do not reflect current Second Circuit Law.  *See, e.g.*, *Chepak v. Metro. Hosp.*, 555 F. App'x 74, 76 (2d Cir. 2014) (summary order) ("In light of Chepak's *pro se* status, those allegations were sufficient to survive a motion to dismiss."); *Kassman I,* 925 F. Supp. 2d at 471 (finding allegations sufficient to state an EPA claim where, for example, the complaint alleged that a plaintiff's comparator "joined KPMG after [the plaintiff], worked under the same Partner, . . . worked on engagements for similar clients[, and] . . . performed the same tasks as [the plaintiff] with no greater skill or effort than [the plaintiff]" but was paid more).

Plaintiffs argue that the Attorney Addenda to the Nelson and Huss VFSs, which assert that "Plaintiff performed substantially equal work to the following men during the noted time periods," and list nineteen men and 623 men, respectively, by name, date and year, make sufficient allegations to meet the pleading standard at the motion to dismiss stage.  But neither the VFSs nor the Attorney Addenda provide information regarding the content of Nelson's, Huss's or the alleged comparators' jobs.  Naming possible comparators is not sufficient on its own to plead an EPA claim without sufficient "factual matter, 'accepted as true' to permit 'the

reasonable inference' that the relevant employees' job *content* was 'substantially equal.'"  *Port Auth. of New York & New Jersey*, 768 F.3d at 256.  For the same reason, the Attorney Addenda attached to the other representative VFSs cannot aid in alleging substantially equal work.

Plaintiffs also argue that the VFSs must be "considered in the context of the existing precertification record evidence," and as "explicitly incorporat[ing] the discovery record."  The argument is unpersuasive, even reviewing these VFSs within the specific context of this case and their purpose pursuant to the VFS Order.  First, if the purpose of the VFSs was to provide KPMG with "additional, individualized information about the [F]OIPs . . . prior to engaging in settlement discussions" and to "provide KPMG with information KPMG specifically requested" as Plaintiffs represent in their opposition, VFSs like those of Nelson and Huss that are devoid of actual factual allegations do not serve this purpose.

Similarly insufficient are broad references to the discovery record -- encompassing more than eighty depositions and over a half million pages of documents.  Two VFSs refer broadly to their depositions, *see* Huss VFS ("Please see deposition notes."); Hernberg VFS (stating in response to the question regarding damages, "I refer you to my deposition for further details"), and other VFSs contain general references to information produced by KPMG or in the possession of Plaintiffs' counsel without specifics as to what portion of the discovery record is referenced or why it is relevant.[6]  Plaintiffs cite to no cases -- and the Court has found none -- where broad references to prior discovery, or even to prior deposition transcripts, can serve to replace the requirement to plead facts, particularly where Plaintiffs are counseled throughout.

---

[6] *See, e.g.,* Driscoll VFS (referencing "info provided by KPMG"); Fukushima VFS ("I understand that my attorneys will provide additional information."); Gioia VFS ("I believe this based on information collected by our Cousel [sic]."); Koch VFS ("My Counsel may be able to provide additional male colleagues either in Philadelphia or elsewhere based on their data."); Lam VFS ("I understand that my attorneys will provide more information."); Silveira-Pio VFS ("[I]t is my understanding attorneys will provide additional information.").

The new allegations and the more specific citations to the record in Plaintiffs' opposition are not appropriately considered by the Court. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) ("[A] a party is not entitled to amend its complaint through statements made in motion papers."); *accord Bellevue v. 1199SEIU Health Care Emps. Pension Fund*, No. 17 Civ. 7430, 2019 WL 400638, at *6 n.6 (S.D.N.Y. Jan. 31, 2019).

KPMG broadly makes two arguments as to multiple representative VFSs that are rejected. KPMG argues that VFSs that identify only comparators who worked outside of the FOIP's office should be dismissed for failing to satisfy the EPA's single establishment requirement. But KPMG cites no caselaw showing that the motion to dismiss stage is the appropriate time to determine what constitutes an "establishment" for purposes of the FOIPs' claims. *See Kassman III*, 416 F. Supp. 3d at 287 (conducting analysis at the motion for class certification stage); *Balding-Margolis v. Cleveland Arcade*, 352 F. App'x 35, 42 n.7 (6th Cir. 2009) (conducting analysis at summary judgment); *Meeks v. Comput. Assocs. Int'l*, 15 F.3d 1013, 1017 (11th Cir. 1994) (conducting analysis after trial). Where "numerous courts in this district have noted that the 'establishment' requirement of the EPA is an issue that goes to the merits and must not be decided at [the motion for conditional collective certification] stage," *Knox v. John Varvatos Enters. Inc.*, 282 F. Supp. 3d 644, 655 (S.D.N.Y. 2017) (citing cases), the Court declines to engage in this analysis at the even earlier pleading stage. For the same reason, the Court declines to limit FOIPs' claims based on a willfulness analysis at this stage. *See Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, No. 16 Civ. 541, 2016 WL 7243541, at *9 (E.D.N.Y. Dec. 14, 2016), *aff'd sub nom. Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71 (2d Cir. 2019) ("Plaintiffs allege generally that defendants 'intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA.' At

this stage of litigation, a general averment of willfulness suffices to invoke the three-year statute

of limitations."); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 192 (E.D.N.Y. 2015)

("[T]he SACAC makes several general averments of willfulness, which are sufficient to invoke

the three-year statute of limitations under the FLSA.").  The Court declines to follow other

district courts that have held otherwise.  *See, e.g., Watkins v. First Student, Inc*., No. 17 Civ.

1519, 2018 WL 1135480, at *7 n.12 (S.D.N.Y. Feb. 28, 2018) (finding general allegations of

willfulness to be insufficient, noting that "[o]ther courts in this circuit have accepted general

averments of willfulness at the pleadings stage.").

> ### ii.    The Fukushima, Driscoll and Gioia VFSs

Each of the Fukushima, Driscoll and Gioia VFSs make allegations that men with the

same job titles -- and in the case of the Fukushima and Driscoll VFS, men in the same service

line -- were paid more than the complainants.  *See* Fukushima's VFS ("I believe that, many men

at KPMG performed substantially equal work to me, including men in the same job title and

service line.  I don't have sufficient information to identify all these men.  I understand that my

attorneys will provide additional information."); Driscoll VFS (listing four men as comparators,

and stating "I believe several other Managers who work in my division at KPMG who performed

substantially equal work to me including men with same job title and service line."); Gioia VFS

(listing three men, with date ranges, and stating as to the first man that he "and I were associates

in Cincinnati office," and as to the second and third men that they and Gioia were "senior

associates . . . in Louisville office at the same time.  I believe this based on information collected

by our Counsel.").  Allegations that men with the same job title or in the same service line were

paid more than the FOIPs are insufficient to permit the Court to infer that these proposed

comparators had substantially equal job content.  *See Port Auth. of New York & New Jersey*, 768

F.3d at 258 ("[A] successful EPA claim depends on the comparison of actual job content; broad generalizations drawn from job titles, classifications, or divisions, and conclusory assertions of sex discrimination, cannot suffice."); *Kassman I*, 925 F. Supp. 2d at 471 ("[T]he EPA and implementing regulations are clear that the statute is concerned with the provision of equal pay for equal work, and that the '[a]pplication of the equal pay standard is not dependent on job classifications or titles but depends rather on actual job requirements and performance.'" (quoting 29 C.F.R. § 1620.13(e)).[7]

### iii.   The Silveira-Pio, Bae and Lam VFSs

First, the Silveira-Pio and Bae VFSs make allegations relating to promotion discrimination. *See* Silveira-Pio VFS ("[M]ale counterparts were being promoted at a much faster rate although I had been there longer and doing substantially more work. Additionally, while they were at an equal or higher position, I was reviewing and correcting their work/mistakes (some in the millions of dollars)"); Bae VFS (identifying, *inter alia*, two comparators: (1) Bae's "manager even though he possessed less experience, credentials, knowledge and skills than me. He provided less work."; and (2) Bae's "performance manager even though he was not a CPA, had less skills and knowledge than me to perform on [t]he job. He provide[d] less work on the project."). The Bae VFS also alleges that men "were compensated more and promoted to positions to justify the compensation" and that a "female Partner acknowledge[ed] that Females have difficulty advancing at KPMG." But promotion

---

[7] Plaintiffs cite this Court's observation in the Opinion and Order granting conditional certification of the EPA collective that, "[a]s evidenced by KPMG's Career Snapshots and Job Descriptions, employees with the same job title have substantially similar responsibilities and qualifications," *Kassman II*, 2014 WL 3298884, at *2, in support of its argument that an allegation of unequal pay between people of the same job title is sufficient. But this argument was later rejected in the Opinion and Order decertifying the collective, finding "employees sharing a single job title at KPMG are not 'similarly situated' to one another." *Kassman III*, 416 F. Supp. 3d at 290.

discrimination is not actionable under the EPA.  *See Kassman I*, 925 F. Supp. 2d at 473.  And

allegations that solely relate to "experience, training, education, or ability" -- like the allegations

in the Bae VFS relating to the experience and skills of her managers, and the implied allegation

in the Silveira-Pio VFS that those in positions above her were also less skilled -- are also

insufficient to plead an EPA claim.  *Port Auth. of New York & New Jersey*, 768 F.3d at 256-57.

The Bae and Lam VFSs also allege that they worked on the same projects and

engagements as their alleged comparators.  *See* Bae VFS (identifying a comparator who was a

"peer on the project" who "provided equal work."); Lam VFS (identifying six men by name,

three of whom are alleged to have "worked on the same engagements together [as Lam],

performing substantially equal work, billing at the same rate" between 2006-2007, and three of

whom are alleged to have "worked on the same engagements together [as Lam], performing

substantially equal work" between 2007-2009.  For each, the VFS asserts that Lam "believe[s]

she] was paid less than him because of [her] gender.").  Plaintiffs argue that these allegations are

sufficient to plausibly plead a claim, but the VFSs provide no information regarding the FOIP's

and their comparator's roles on the project or engagements or how this individual was Bae's

"peer" by explaining any shared duties, skills and responsibilities.  Similarly, although the

allegation that Lam and her comparators billed the same rate may suggest equal work, it does not

itself provide information regarding job content.  Accordingly, these claims are dismissed.  *See*

*Edwards*, 2020 WL 2132348, at *3 (finding allegation that plaintiff's "job responsibilities with

respect to lead-generation managing were exactly the same as her counterparts in Carrollton,

Texas" to be insufficient to plead an EPA claim because "[a]t best, they suggest that some

overlap exists between Edwards' job duties and her counterparts in Carrollton.  There are no

factual allegations, however, that Edwards and her counterparts in Carrollton performed their

17

jobs under similar working conditions, or that their jobs require comparable effort and skill level."); *Dass*, 2020 WL 1922689, at *6 ("As an initial matter, Plaintiff's mere parroting that other employees are 'similarly situated' to her coupled with conclusory allegations are insufficient to state an EPA claim.").

The cases cited by Plaintiffs are consistent with this holding, as the plaintiffs in those cases alleged significantly more detail in support of their claims, or were *pro se* litigants. *See Verdone v. Am. Greenfuels, LLC*, No. 16 Civ. 01271, 2017 WL 3668596, at *6 (D. Conn. Aug. 24, 2017) (finding EPA claim sufficiently pled where plaintiff alleged she and her competitor had management positions in human resources, "assisted one another, worked together," and "handled . . . projects jointly"); *Crawley v. Macy's Retail Holdings, Inc.*, No. 15 Civ. 2228, 2016 WL 6993777, at *8-9 (S.D.N.Y. Nov. 29, 2016) (finding pro se plaintiff to have plausibly pleaded an EPA claim where she alleged "that she and [her comparator] worked the same job, during the same shift, at the same Macy's store, under the same supervisor" such that "every material aspect of their positions apart from compensation -- their hours, their location, their supervisor -- appears to have been the same"); *Lenzi v. Systemax, Inc.*, No. 14 Civ. 7509, 2015 WL 6507842, at *5 (E.D.N.Y. Oct. 26, 2015) (finding an EPA claim to be sufficiently pled where plaintiff alleged enough detail regarding her own position and her comparators such that the court found "that her job content encompasses the 'same "common core" of tasks' as that of her male comparators").

### D. The Hernberg and Koch VFSs Are Not Dismissed

#### i. The Hernberg VFS

KPMG seeks to dismiss the Hernberg VFS for failing to allege equal work sufficient to state an EPA violation. Drawing all inferences in Herberg's favor, *Kleinman*, 706 F.3d at 152, the Hernberg VFS pleads an EPA claim. The VFS alleges that Hernberg reviewed tax returns, as

did certain comparators who were paid more.  *See* Hernberg VFS (alleging she received less

compensation than male KPMG employees who did substantially equal work, and stating,

"[d]uring 2008-2009, I observed men that performed the same work (as tax return reviewers) as I

did. . . . I also observed many other men in tax compliance that were charged with reviewing

returns, but I cannot recall their names.").  This is sufficient.  *See, e.g.*, *Stern v. State Univ. of*

*New York*, No. 16 Civ. 5588, 2018 WL 6106755, at *2 (E.D.N.Y. Nov. 21, 2018) (finding EPA

claim sufficiently pled where plaintiff alleged she was paid less than a comparator who

"perform[ed] many of the same computer functions" in a group in which employees "must

possess 'substantially similar' 'programming skills'"); *Verdone*, 2017 WL 3668596, at *6

(finding EPA claim sufficiently pled where plaintiff alleged that she and her comparator "both

managed [defendant's] human resources matters"); *Chiaramonte v. Animal Med. Ctr.*, No. 13

Civ. 5117, 2014 WL 3611098, at *5-6 (S.D.N.Y. July 22, 2014) (finding EPA claim sufficiently

pled where the plaintiff "alleged that she and [her comparator] both performed similar work as

veterinarians practicing internal medicine" because plaintiff "identifie[d] the content of a

comparator's work, not merely his title" by "alleg[ing] that [plaintiff] and [her comparator]

share[d] a specialty that they both practice").[8]

---

[8] KPMG argues that Hernberg confirms differences in job duties when she asserts that
"reviewing estate fiduciary income tax returns" was her "specialty."  "At the pleading stage . . . a
plausible EPA claim must include 'sufficient factual matter, accepted as true' to permit 'the
reasonable inference' that the relevant employees' job *content* was 'substantially equal.'"  *Port
Auth. of New York & New Jersey*, 768 F.3d at 256.  This ambiguity will need to be resolved
before the claim can ultimately prevail, but drawing all inferences in Herberg's favor, these
allegations are sufficient at the pleading stage to infer that employees conducting tax reviews did
substantially similar work.  *See Snyder v. Town of Potsdam*, No. 716 Civ. 1462, 2018 WL
6267922, at *14 n.51 (N.D.N.Y. Nov. 30, 2018) ("To demonstrate 'equal work,' a plaintiff 'need
not prove that her job is identical to a higher-paid position, but only must demonstrate that the
two positions are substantially equal.'") (quoting *Lambert v. Genesee Hosp.*, 10 F.3d 46, 56 (2d
Cir. 1993)).

KPMG also seeks to dismiss the Hernberg VFS for identifying comparators that were, in fact, paid less than Hernberg.  But to allege an EPA claim, Hernberg was not required to identify a specific comparator at all; "the Second Circuit has not adopted the requirement of identifying a specific comparator."  *Chiaramonte*, 2014 WL 3611098, at *5 (citing *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001)); *accord Kassman I*, 925 F. Supp. 2d at 471 (noting that "the Second Circuit has reserved judgment" on the issue of "[w]hether or not a female plaintiff must identify a specific male comparator").  Here, Hernberg alleges that she was paid less than men who performed substantially the same work as tax return reviews as Hernberg.  For the reasons stated above, this is sufficient to plead a claim and KPMG's motion to dismiss the Hernberg VFS is denied.

### ii.   The Koch VFS

KPMG seeks to dismiss the Koch VFS for failing to allege equal work sufficient to state an EPA violation.  The argument is unpersuasive.  The Koch VFS identifies three men who, "[f]or the period 2008-2010 . . . in the Philadelphia office Tax Department . . . were Senior Managers at the same time, held similar professional and educational degrees, had similar years' experience and performed similar work to me."  The VFS asserts, *inter alia*, that she and the "males identified were responsible for ensuring engagement teams delivered quality client service; coordinated projects; managed client relationships and expectations, worked to enhance business development, recruitment of new employees, resource allocation, risk and other people management decisions."  These are not "bland abstractions" or "sweeping generalization[s]," "untethered" from actual job content.  *Port Auth. of New York & New Jersey*, 768 F.3d at 257.  In concert with the allegations regarding experience and education, these statements describe duties and responsibilities shared between Koch and her comparators that are alleged with sufficient

specificity to plead the second element of an EPA claim: that "the employees perform equal work on jobs requiring equal skill, effort, and responsibility."  *Id*. at 254-55; *see also Craven v. City of New York*, No. 19 Civ. 1486, 2020 WL 2765694, at *3 (S.D.N.Y. May 28, 2020) (finding allegations sufficient to plead an EPA claim where plaintiff alleged that she and her comparator both "supervised investigators and oversaw investigations of Medicaid and social services fraud," and "attended the same routine meetings" (quotation marks omitted)).

Defendants argue that the Koch VFS does not sufficiently allege that the overall job she performed was substantially equal to her identified comparators, but pleading an EPA claim does not require pleading identical responsibilities.  *See Lavin-McEleney*, 239 F.3d at 480 ("[A] plaintiff need not demonstrate that her job is identical to a higher paid position, but only must show that the two positions are 'substantially equal' in skill, effort, and responsibility."); *see also Craven*, 2020 WL 2765694, at *3 (finding allegations to sufficiently plead substantially equal work where plaintiff alleged that she and her comparator had "similar responsibilities," but the comparator "managed fewer employees and fewer units than" plaintiff); *Chiaramonte,* 2014 WL 3611098, at *5 (finding allegations to sufficiently plead substantially equal work where plaintiff "performed similar work as veterinarians practicing internal medicine" and "she shouldered responsibilities that [her comparator] did not match").  The case cited by KPMG in support of this argument, *Verdone*, is not to the contrary; there, the court found that the plaintiff had sufficiently alleged substantially equal work where she alleged that her comparator had a "management position concerning human resources," that she "continued to perform human resources tasks" after her comparator was hired, and that "she and [the comparator] handled human resources projects jointly."  2017 WL 3668596, at *6.

KPMG also asserts that Koch's identified comparators were "in different practices than Koch and therefore had different job duties (or, at a minimum, cannot plausibly be deemed to have 'substantially equal' job duties at the pleading stage)" and argues that this Court already rejected similar arguments in the certification context, including Plaintiffs' argument that sharing the responsibilities of "provid[ing] feedback" and "analyz[ing] tax issues" was sufficient to demonstrate equality of work.  *See Kassman III*, 416 F. Supp. 3d at 289.  The finding that the collective could not remain certified because of "the impossibility of practically adjudicating [the proposed class's claims] in a single action," *id.* at 288, including because of differences in job content between positions across practice groups, *id*. at 289, does not bear on a finding as to the sufficiency of one FOIP's pleading at the motion to dismiss stage.  Although there may be merits-stage arguments that KPMG can make distinguishing Koch's job content from those of her comparators when the positions are examined at a higher level of granularity, at this stage the Court declines to consider the extrinsic evidence regarding the duties of Koch's alleged comparators.  *See Stern*, 2018 WL 6106755, at *3 ("[T]he question of whether or not [plaintiff and her comparator] work in 'substantially similar' jobs is one for the jury -- or, at least, inappropriate for resolution on a motion to dismiss."); *Lenzi*, 2015 WL 6507842, at *5 ("And while defendants assert differences between her job responsibilities, and those of her male comparators, this is a factual question that the Court cannot resolve at the pleadings stage.").  The motion to dismiss Koch's VFS is denied.

## III.    MOTION TO STRIKE

### A.  Legal Standard

Rule 12(f) provides that a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[M]otions to strike material *solely* 'on the ground that the matter is impertinent and immaterial' are disfavored,"

*Brown v. Maxwell*, 929 F.3d 41, 51 n.42 (2d Cir. 2019), and "courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *accord Sec. & Exch. Comm'n v. Honig,* No. 18 Civ. 8175, 2020 WL 906383, at *5 (S.D.N.Y. Feb. 25, 2020). "In deciding whether to strike a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky*, 551 F.2d at 893; *accord Honig,* 2020 WL 906383, at *5.

Courts in this district have held that, "[t]o prevail in such a motion, defendants must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Dubai Equine Hosp. v. Equine Imaging, LLC*, No. 18 Civ. 6925, 2019 WL 3811922, at *2 (S.D.N.Y. Aug. 14, 2019) (quotation marks omitted). Ultimately, "[f]ederal courts have discretion to decide whether to grant a motion to strike." *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 222 (S.D.N.Y. 2018).

### B. Discussion

KPMG moves to strike (1) certain comparator lists from attorney-prepared Addenda appended to each VFS as "irrelevant and prejudicial," and (2) any allegations seeking damages not recoverable under the EPA and the Addenda text stating "Plaintiff reserves the right to seek additional damages once updated data is provided, as well as additional damages for other claims, including but not limited to emotional distress, denial of promotions, front pay, and state law claims." The motion is denied.

First, lists of possible comparators are not "irrelevant and immaterial" to an EPA claim, and KPMG has not shown that this material might not be admissible in the future. *Lipsky*, 551

F.2d at 893 ("[I]t is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.").

Second, as to the allegations regarding damages, KPMG relies solely on out-of-circuit caselaw in support of its assertion that compensatory damages for emotional distress or psychological harm are not recoverable as a matter of law under the EPA. The Court declines to resolve the issue on a motion to strike. *See Jablonski v. Special Counsel, Inc.,* No. 16 Civ. 05243, 2020 WL 1444933, at *3 (S.D.N.Y. Mar. 25, 2020) ("[A] motion to strike should not be used as an opportunity for the determination of disputed, substantial questions of law." (quotation marks omitted)).

Third, KPMG has failed to demonstrate that the inclusion of either the comparator lists or the damages requests are prejudicial to KPMG. *See, e.g.*, *Shouq v. Norbert E. Mitchell Co.*, No. 18 Civ. 00293, 2018 WL 4158382, at *6 (D. Conn. Aug. 30, 2018) (denying motion to strike in part due to lack of prejudice to defendant). And KPMG's argument that "these overbroad lists are highly prejudicial because they would require KPMG to undertake onerous and prohibitively expensive discovery" is unpersuasive; the Second Circuit has not recognized striking pleadings pursuant to Rule 12(f) on the basis of the possible burden it may impose on a party in discovery, nor has KPMG cited to any relevant in-circuit caselaw on the issue.

Finally, neither the comparator lists nor the requested damages were relied on for purposes of this Opinion. *See Demosthene v. City of New York*, No. 18 Civ. 1358, 2019 WL 2436681, at *4 (E.D.N.Y. June 11, 2019) (denying motion to strike in part because the court did not rely on the disputed allegations in its ruling on the motion to dismiss).

Ultimately, although each VFS was designed to "act in all respects as if it were a filed Complaint in this Court, the VFS process was also designed to permit an exchange of

information between the parties including -- per representation of Plaintiffs -- damages sought by FOIPs relating to "any class claims subject to appeal."  In light of that purpose, and because the decision of whether to grant a motion to strike is at the discretion of the court, *Ong*, 294 F. Supp. 3d at 222, the motion to strike is denied.

## IV. CONCLUSION

For the reasons stated above, KPMG's motion to dismiss is DENIED as to the Hernberg and Koch VFSs and is otherwise GRANTED.  KPMG's motion to strike is DENIED.

It is further ORDERD that by July 29, 2020, the parties shall meet and confer, and file a joint letter proposing appropriate next steps.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 909.

Dated: July 15, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

25