UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONNA KASSMAN, SPARKLE PATTERSON, JEANETTE POTTER, ASHWINI VASUDEVA, TINA BUTLER, CHERYL CHARITY, HEATHER INMAN, NANCY JONES AND CAROL MURRAY, et al., individually and on behalf of a class of similarly-situated female employees,<br><br>Plaintiffs,<br><br>v.<br><br>**KPMG LLP,**<br><br>Defendant. | Hon. Lorna G. Schofield<br>Case No.: 1:11-cv-03743 (LGS)<br><br>*Civil Action* |

## DEFENDANT'S RESPONSE IN SUPPORT OF PLAINTIFFS' MOTION FOR APPROVAL OF THE SETTLEMENT AGREEMENT

Defendant KPMG LLP ("KPMG") respectfully submits this response in support of Plaintiffs' Motion for Approval of the Settlement Agreement. Dkt. 963 ("Motion"). The Parties have reached a settlement in which KPMG agrees to pay a total aggregate gross amount of $10 million to settle the individual claims of the nine Named Plaintiffs and the 444 Former Opt-In Plaintiffs who submitted Verified Fact Sheets ("VFSs") in this case (collectively, "Claimants"). The settlement provides in relevant part that each Named Plaintiff and each other Claimant timely sign an individual Agreement (if they do not, KPMG has the option, but not the obligation, to terminate and void the settlement and all Agreements).

Courts regularly approve of settlements resolving claims under the Fair Labor Standards Act ("FLSA"), of which the Equal Pay Act ("EPA") is a part, when settlements are "fair and

1

reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). The settlement reached here satisfies each of the elements necessary for Court approval. Nevertheless, this settlement does not constitute an admission by KPMG as to the merits of the allegations or claims in this case. KPMG continues to dispute the allegations by the Claimants in this case and denies any and all purported legal violations or wrongdoing.

> **I.     The Settlement is Fair and Reasonable**

Courts evaluate whether a settlement agreement is fair and reasonable by considering the following factors: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36).

Each of these factors weigh in favor of settlement here. As Plaintiffs detail in the Motion, the $10 million settlement amount is well within the Plaintiffs' range of recovery. The settlement will be allocated according to detailed factors that take into account Claimants' individualized circumstances including, for example, each Claimant's statute of limitations period and whether the Claimant's VFS would be subject to imminent dismissal with prejudice for failure to state a claim. *See* Dkt. 963-1, 963-2.

Furthermore, settlement enables the Parties to avoid the costs and risks associated with continued litigation. For nearly a decade, the Parties have aggressively litigated Claimants' claims including by undertaking far-reaching individual and class discovery. In the past two years, the case has narrowed, through the denial of class certification and denial of final

certification of the EPA collective, Dkt. 831, and the dismissal of eight of ten exemplar claims on the ground that the Claimants had not alleged viable EPA claims, Dkt. 926.

Although the Parties do not agree on the exact number of VFSs that would be dismissed as a result of the Court's dismissal order, KPMG maintains that the majority of the VFSs suffer from the same defects as the ones the Court dismissed and therefore are subject to dismissal with prejudice.  Absent settlement, however, KPMG would be required to move to dismiss nearly 380 separate claims, which as Plaintiffs note, may be handled by a Special Master.  KPMG believes it has strong defenses on these nearly 380 claims as well as on the small number of VFSs not subject to dismissal based on the Court's order, but recognizes that there are significant burdens and costs in defending against even a modest number of individual EPA claims past the motion to dismiss stage.  Absent settlement, KPMG also will move for summary judgment on each of the Named Plaintiffs' claims in whole or in part.  Settlement with the Named Plaintiffs similarly allows KPMG to avoid the expense and burden associated with such motions and beyond.

Settlement likewise reflects the serious litigation risks faced by both Parties.  As noted above, Plaintiffs face the imminent dismissal of hundreds of individual claims.  While KPMG is confident that it also would prevail on summary judgment or at trial as to any given Claimant not so dismissed, settlement allows it to avoid the risks inherent in litigation.  Plaintiffs also have preserved certain appellate issues.  For example, after a final judgment, Plaintiffs could appeal the Court's order denying class certification and denying final certification of an EPA collective.  Although KPMG believes it highly unlikely that the Second Circuit would overturn the Court's well-reasoned decision, it recognizes the value in avoiding the prospect of appeal through settlement.

The remaining factors also support settlement.  The settlement was the result of arm's length negotiations between competent counsel, following nearly a decade of aggressive litigation, reached with the assistance of an experienced and well-respected mediator.  Likewise, there is no indication of any fraud or collusion.

Courts also consider whether any of the following factors weigh against approving the settlement: "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Wolinsky*, 900 F. Supp. 2d at 336 (internal quotation marks omitted).

None of the foregoing factors are present in this case.  First, there are no other employees who are similarly situated to the Claimants.  Second, because the vast majority of the Claimants no longer work for KPMG, it is unlikely that a Claimant's circumstance will recur.  Third, as Plaintiffs concede, there is no history of FLSA non-compliance at KPMG.  Finally, this case has been litigated for nearly ten years and at this stage of the case, there are no novel factual or legal issues that would further the development of the law.

II.     **The Settlement Agreement Itself Favors Approval**

The content and scope of the Settlement Agreement negotiated by the Parties likewise favor settlement approval.  The release of gender-based employment claims is limited and appropriately tailored to the Former Opt-In Plaintiffs' claims.  The Former Opt-In Plaintiffs were part of a putative class that sought to advance Title VII and various state and local law discrimination claims until the Court's denial of class certification of the Rule 23 class.

Additionally, many Former Opt-In Plaintiffs purported to allege Title VII or other non-EPA, gender-based employment claims in their VFSs (*e.g.*, failure to promote based on gender).

The agreement negotiated in this case does not contain other provisions that courts typically find warrant significant scrutiny, including, for example any confidentiality, non-disparagement, or no-hire provisions.  *See Jackson v. Quantem Aviation Servs., LLC*, 2019 WL 2613196, at *3 (W.D.N.Y. June 25, 2019) (approving settlement agreement of EPA claims and noting that the agreement does not contain any confidentiality provisions or restrictions on employment); *Santos v. Yellowstone Props., Inc.*, 2016 WL 2757427, at *3 (S.D.N.Y. May 10, 2016) (approving agreement that did "not contain confidentiality provisions that would undermine the broad remedial purposes of the FLSA").

### III. Conclusion.

For the reasons set forth above, KPMG respectfully requests that the Court approve the Settlement Agreement.

Respectfully submitted: Attorneys for Defendant KPMG LLP          Dated: March 30, 2021

| | |
|---|---|
| **SIDLEY AUSTIN LLP** <br> By: */s/ Colleen M. Kenney* <br> Colleen M. Kenney (pro hac) <br> Wendy Lazerson <br> John G. Levi (pro hac) <br> ckenney@sidley.com <br> wlazerson@sidley.com <br> jlevi@sidley.com <br> One South Dearborn St. <br> Chicago, IL 60603 <br> 312.853.7000 <br> Fax: 312.853.7036 | **OGLETREE, DEAKINS, NASH,** <br> **SMOAK & STEWART, P.C.** <br> By: */s/ Peter O. Hughes* <br> Diane M. Saunders <br> Peter O. Hughes (pro hac) <br> Chris R. Pace (pro hac) <br> diane.saunders@ogletreedeakins.com <br> peter.hughes@ogletreedeakins.com <br> chris.pace@ogletreedeakins.com <br> 1745 Broadway, 22nd Floor <br> New York, NY 10019 <br> 212.492.2500 <br> Fax: 212.492.2501 |